## LAWRENCE *a.* JONES.

*Supreme Court, First District; General Term, Nov.*, 1862.

VACATING ATTACHMENT.—IRREGULARITY.—LACHES.

To take advantage of a mere irregularity, it is necessary to move at the earliest opportunity, or to show an excuse for not doing so.

Unreasonable delay in moving is a sufficient answer to a motion to vacate an attachment issued as a provisional remedy.

The issuing of an attachment against a debtor, on the ground that he is a nonresident, while he is in fact a resident, is an irregularity merely, and a motion to discharge the attachment does not involve the merits.

Appeal from order denying motion to vacate attachment.

This action was brought by Daniel H. Lawrence, James M. Griggs, and John A. Kingsbury, against H. Ross Jones, to recover $209.22. On the 14th day of June, 1862, plaintiffs sent the summons and complaint to the sheriff of Steuben county for service, but the sheriff was not able to serve them. On the 2d day of July, 1862, plaintiffs obtained a warrant of attachment against defendant, as a non-resident, and also, an order for the service of the summons by publication. The sheriff, under the attachment, levied on defendant's property, July 16, 1862. On the 4th day of August, 1862, the summons and complaint were served upon the defendant and judgment regularly entered in favor of plaintiffs, August 28, 1862, upon which execution was at once issued.

On the 16th of September, defendant served notice of a motion to be made on the first Monday of October, 1862, to vacate the attachment, upon affidavits that defendant was a resident and householder in Addison, Steuben county, and that his absence from the State was occasioned solely by his business, as a contractor for supplies and equipments for the Union Army, which had required his attendance in Washington, D. C., for ten months; that he had been in the habit of visiting this State during that time.

The plaintiffs showed, in opposition, the lapse of time, which sufficiently appears by the foregoing dates, and the additional fact, that between the date of the service of the summons and the issue of the execution, defendant had confessed three judgments, amounting to $4,457.95. Mr. Justice Ingraham denied the motion to vacate the attachment, and the defendant appealed.

*Henry M. Hyde*, for the appellant.—I. It is claimed that the defendant was not a non-resident, within the following decisions: Lee *a.* Stanley (9 *How. Pr.*, 272); Hurlbert *a.* Seeley (11 *Ib.*, 507).

II. The motion may be made after judgment. 1. The statute contains no restriction as to the time within which the motion may be made. (*Code*, § 241.) The judgment does not determine the right to satisfaction out of the specific property levied upon by the attachment, but only the right to satisfaction generally. It does not determine the right to issue or maintain an attachment. The force of the attachment is affected by the judgment, only so far as seizures are concerned. The attached property is held by the writ after judgment, and is sold (not seized) by the execution. (McKay *a.* Harrower, 27 *Barb.*, 463, 469.) The execution is a special one, directing the sale of the attached property in the first instance. (S. C., 470.) If the attachment be set aside, the execution would fall with it, and the plaintiff remitted to the usual facilities of procuring satisfaction. Under an attachment before judgment, the whole property, choses in action, and interests of a defendant may be seized. And the attachment may be issued at any time—a single day—before judgment. This proceeding is unwarranted as against an honest, resident debtor. Yet, if instituted five days before judgment, he is without remedy, even though it work his utter ruin, unless he may make the motion after judgment.

*Henry Brewster*, for the respondents.—I. The defendant was a non-resident. (Houghton *a.* Ault, 16 *How. Pr.*, 77 ; Douglas *a.* Mayor, &c., of N. Y., 2 *Duer*, 110 ; Heidenback *a.* Schland, 10 *How. Pr.*, 477 ; Crawford *a.* Wilson, 4 *Barb.*, 504, 518 ; Matter of Thompson, 1 *Wend.*, 43 ; Pooler *a.* Maples, *Ib.*, 65 ;

Frost a. Brisbin, 19 *Ib.*, 11; Haggart a. Morgan, 5 *N. Y.*, 422.) In Hurlbert a. Seeley (11 *How. Pr.*, 507), the court were divided in opinion; and it is to be noticed that there defendant's absence was with the consent and approval of his creditors. (See, also, 8 *Wend.*, 140 ; 5 *Sandf.*, 47.)

II. This motion came too late. There was inexcusable laches. No excuse for delay is offered. We suppose the motion must be made before judgment. By Code (§ 227), the property may be attached, as a security for the satisfaction of such judgment as the plaintiff may recover. Section 232 directs the sheriff to keep the property or proceeds, to answer any judgment, &c. Section 237, when an execution shall have been issued on such judgment, the sheriff shall sell so much of the attached property as may be necessary, &c. Section 241 provides for an application to discharge the attachment by bond, and also says, the defendant may move to discharge attachment, as in the case of other provisional remedies. On injunction, the motion must be before trial (§ 225). Motion to discharge arrest must be before judgment (§ 204). In claim and delivery, the different proceedings justifying bail, rebonding, &c., must all be before delivery of the property. The attachment was spent or superseded by the execution. (Spencer a. Rogers' Locomotive Works, 13 *Abbotts' Pr.*, 180; Scheib a. Baldwin, *Ib.*, 469; S. C., 22 *How. Pr.*, 278.) "The judgment confirms the lien of the attachment." (Syracuse City Bank a. Coville, 19 *How. Pr.*, 385.) Goods seized are in place of bail for the debt. (*Ib.*, 391.) We also refer to Taylor a. Caryl (20 *How. U. S.*, 584; 24 *Ib.*, 450). See, also, Barker a. Wheeler (14 *Abbotts' Pr.*, 70).

By the Court.*—Peckham, J.—The defendant in this case has been guilty of laches in making his motion, and the delay is in no manner explained.

The attachment was issued July 2. The execution issued on the 5th of September. This motion was not noticed until the 25th of September, for the first Monday of October. The defendant seems to have employed the intermediate time in confessing judgments; and when he had sufficiently and satisfactorily disposed of his property, he makes this motion.

* Present, Ingraham, P. J., Leonard and Peckham, JJ.

The motion is founded upon an alleged irregularity, viz. : that the plaintiff obtained an attachment on the ground, as stated by him, that the defendant was a non-resident in the State ; when, in fact, the defendant was not a non-resident, but had been temporarily absent on business ; that he was, and had been for years, a resident of Steuben county, where his family had, in fact, resided during his absence on business of about ten months.

The rule in cases of mere irregularity requires the party to move at the first opportunity, or show an excuse for not doing so.

Where the merits are involved, the rule is not applied with so much rigor.

Here the plaintiff may be injured by the issuing of other executions. Where the party proceeds by attachment, he must first sell the attached property. His execution is peculiar. (*Code*, § 237 ; 27 *Barb.*, 463.)

Whether the defendant was a non-resident within the meaning of the statute on this subject, it is not necessary to determine. His delay in moving defeats the motion. The order appealed from, denying the motion to set aside the attachment, is, therefore, affirmed, with $10 costs of the appeal.

INGRAHAM, P. J., and LEONARD, J., concurred.