Gilbert, J.
The attachments in these cases, were granted upon the allegation, that, as the plaintiff believed, the defendant was a non-resident of this State, but a resident of the State of New” Jersey; and upon a further allegation as follows: “ that said Bartlett has departed from this State, to avoid the service of a summons on him, or that if said Bartlett is in this State, he is here clandestinely, and keeps himself concealed here with the like intent.”
*445 The' affidavits presented on the application for the attachment, do not make out a case of non-residence; the only facts stated in them are, that the defendant owned a farm in New Jersey; that he had been heard to say, he intended to move some cattle to this farm from his farm on Long Island; that letters were received from him, dated at various places in that State, and other facts and circumstances, which bear more directly upon the other allegation.
In respect to the latter allegation, I think it is sufficient in point of form, although disjunctively made. (People v. Recorder, 6 Hill, 431; Van Alstyne v. Ewine, 1 Kern., 331.) The defendant’s objection on this ground, therefore, is not tenable.
Upon the merits, although I think the facts and circumstances stated, warranted the plaintiff in .swearing to his belief, that the defendant had absconded, or kept himself concealed, with the intent stated, yet upon the case as presented on this motion, I have no alternative but to conclude, that the defendant had not in fact absconded, or kept himself concealed for any purpose, much less for the fraudulent purpose imputed. His absence was open and notorious, and was unattended by any of the ordinary indicia of absconding. When in New York he was at a public hotel, and there is no evidence that he denied himself to anybody, or took any step to conceal his place of abode. The failure of the plaintiff to ascertain where he was, is not attributable to any culpability on his part. Perhaps an attempt to serve the summons by an officer designated by law for that purpose, would have been successful. Whether it would or not, however, is not important. It is enough that the defendant did nothing to put any one on a false scent, or to evade service, and omitted to do nothing which he was legally bound to do, to enable the plaintiff to find him.
The plaintiff however, objects, that this motion comes too late, and in support of the objection, cites the case of Lawrence v. Jones (15 Abb. Pr., 110), decided by the general term in the Erst District,' in November, 1852. It will be seen, by looking at the opinion delivered in that case, that the order denying the motion to discharge the attachment, was *446 affirmed on the ground that the motion was founded upon an alleged irregularity, and that the familiar rule applicable to motions for irregularity, was applied. This decision is in conflict with another decision of the same general term, in the case of Garbett v. Hauff (15 Abb. Pr., 189). But independently of this, the rule referred to has no application to a case like this. “ It does not apply to motions for relief affecting the substantial rights of the parties.” (Doty v. Russell, 5 Wend., 131.)
Now, as we have seen, the attachments in these cases were not irregular; inasmuch, as prior to the amendment -of the Code, passed in 1857, it has been held, that the only remedy of the defendant in such a case, was by appeal. (Wiles v. Vanduzer, 14 How. Pr., 548.) That amendment provides, that in all cases the defendant may move to discharge the attachment. Undoubtedly if the motion is founded upon an irregularity, it must be made at the earliest opportunity, or the delay must be excused. But what is an irregularity ? Surely the obtaining of process, whereby a man’s property is summarily seized in a case not authorized by law, is something more than an irregularity. To call it such is a simple misnomer. Tidd correctly defines an irregularity, to which the rule in question refers, to be the want of adherence to some prescribed rule, or mode of proceedings, and it consists in omitting to do something, that is necessary for the due and orderly conducting of-a suit, or doing it in an unreasonable time, or improper manner.” (1 Tidd, 512.)
It is by no means clear, that under the circumstances, as disclosed by the affidavits, the defendant has been guilty of laches. But it is not necessary to consider that subject.
The motion must be granted without costs.