THE HILTON BRIDGE CONSTRUCTION COMPANY, Appellant, *v.* THE      | 84  225|
NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY              |145a 390|
and Others, Respondents; BENJAMIN N. SHERMAN and Another,
Defendants.

*Laches in bringing in additional parties defendant — rights of various parties*
    *determined in one action — attorneys' lien upon muniments of title.*

The question of *laches* is one that to some extent is addressed to the discretion of
    the Special Term, and where the defect of parties defendant is specifically
    raised by the answer in an action commenced on February 3, 1894, and an order
    is granted, on the defendant's motion, September 11, 1894, by the Special Term
    directing that certain persons be brought in as parties defendant to the action,
    such order should not be reversed on appeal, on the ground of *laches* in mak-
    ing the motion therefor, if it appears that the plaintiff after the service of the
    answer seemed to regard the question, in respect to the bringing in of additional
    parties, as still open, and participated to some extent in negotiations looking to
    the bringing in of other parties defendant in the action.
Where the rights and liabilities of all the parties to an action arise out of the
    same subject-matter, the rights of each and all of them can be effectually
    adjudicated and determined in one action so as to bind all of them.
Where attorneys are employed to procure a right of way for a railroad corpora-
    tion, they have a lien at common law and by statute upon the muniments of
    title of the railroad to the land in question, which can only be divested by
    payment.

APPEAL by the plaintiff, The Hilton Bridge Construction Com-
pany, from an order of the Supreme Court, made at the Clinton
Special Term and entered in the office of the clerk of the county
of St. Lawrence on the 1st day of October, 1894, directing that
certain persons be brought in as parties defendant to the action.

*Edward Winslow Paige*, for the appellant.

*Frank Loomis, Ira A. Place* and *Thomas Spratt*, for the railroad
companies, respondents.

*G. S. Conger*, for respondents Conger & Orvis.

MAYHAM, P. J.:
    The record on this appeal shows that the New York Central and
Hudson River Railroad Company and the Gouverneur and Oswe-
gatchie Railroad Company are respectively corporations organized

under the laws of the State of New York, and that the Moffett, Hodgkins & Clarke Company is a foreign corporation, organized under the laws of New Jersey; that the Gouverneur and Oswegatchie Railroad Company was engaged in the construction of a railroad in the State of New York, and that on the 11th day of May, 1892, the above-named railroad companies entered into a contract whereby the first-named railroad company should construct the railroad of the latter company, with all the necessary erections and constructions, and should acquire and pay for the lands, and furnish such last-named company good and sufficient deeds therefor, and complete the construction and equipment of such road by the 1st of November, 1892, for the sum of $650,000, which sum the Gouverneur and Oswegatchie Railroad Company agreed to pay as follows : $350,000 cash on the 15th day of July, 1892 ; $50,000 cash or first mortgage bonds on the 15th day of August, 1892 ; $50,000 cash or such bonds on the 15th day of September, 1892 ; $50,000 cash or bonds on the 15th day of October, 1892, and within fifteen days after the complete performance of such contract $100,000 in cash or like bonds.

The case discloses that after the making of this contract, and on the day of the date thereof, the defendant the New York Central and Hudson River Railroad Company entered into a contract with the Moffett, Hodgkins & Clarke Company, whereby the latter company, for a consideration therein expressed, agreed to construct the Gouverneur and Oswegatchie railroad, in the manner therein particularly set out, and to be paid therefor as therein specified, under which agreement the Moffett, Hodgkins and Clarke Company commenced and continued work for some time, but failed to finish the same and secure the right of way as was agreed by it, and became insolvent, whereupon Booream and O'Brien were appointed receivers of that corporation in this State, and were acting as such at the time of the commencement of this action.

Before the appointment of such receivers the Moffett, Hodgkins & Clarke Company assigned to Louis Marshall its interest in the contract with the New York Central and Hudson River Railroad Company as collateral to the payment of some of its obligations. While the Moffett, Hodgkins & Clarke Company were operating under their contract with the railroad company they employed Conger & Orvis

as attorneys to secure the right of way for the railroad, and procure titles and releases therefor, and such attorneys performed work under such employment and had in their possession, at the time of the commencement of this action, such conveyances and releases, which they refused to surrender to the railroad company until their alleged liens for services were paid.   The Moffett, Hodgkins & Clarke Company, as is alleged, had also employed the plaintiff to build and construct bridges on the line of this railroad, for which plaintiff claims it has not been paid and for which it is alleged liens were filed, which are now being foreclosed in this action.

It is claimed by the New York Central and Hudson River Railroad Company that that company by its contract with the Moffett, Hodgkins & Clarke Company were protected against liens, and that it has fully paid that company for all it is liable to pay on account of the contract with it.

Upon these facts the defendants asked that the persons and firms brought in by the order appealed from might be brought in as necessary and material parties to this action.

The first objection urged by the plaintiff to the granting of this order is that the defendants were guilty of *laches* in making the motion, and the order should have been refused by the Special Term on that account.

The action was brought on the 3d of February, 1894.   The answers set up the non-joinder of the Moffett Company, Louis Marshall and Booream and O'Brien as defendants, and such answers appear to have been served in time for the May Circuit, at which Circuit the plaintiff noticed the action for trial, and the defendants, the two railroad companies, on the twenty-seventh of April served notice in writing on Marshall and the receivers Booream and O'Brien to appear at that Circuit and protect their interests.   The case discloses that soon thereafter negotiations were commenced between the attorney for the plaintiff and the railroad companies, also the attorneys for the parties brought in by the order appealed from, looking to the question of bringing in such parties, but no definite result was reached by such negotiations, and finally, on the 11th of September, 1894, a motion was made at a Special Term, and this order granted.

Under the circumstances of this case, we do not think the court

on appeal should reverse this order on the ground of *laches* in making this motion. It cannot be said that the defendants in the action as originally commenced took any such subsequent step after serving the answer as would be a waiver of their right to make this motion. In the answer the question of defect of parties defendant was specifically raised, and the plaintiff seemed to regard that question as still open after the service of the answer by participating to some extent in negotiations looking to the bringing in of other parties defendant; besides, the question of *laches* is one that to some extent is addressed to the discretion of the Special Term (*Lawrence* v. *Jones*, 15 Abb. Pr. 110), and we do not think the Special Term in disregarding the delay in making this motion abused that discretion.

But upon the merits it is insisted that the motion as to the receivers was improperly granted.

The receivers represent the plaintiff's obligors, or the parties for whom the plaintiff performed the work, and it is only by reason of the railroad companies' interest in the property against which the lien was filed that they are made parties defendant.

It is conceded by the learned counsel for the plaintiff that it would have a personal action against the receivers arising out of the contract between the plaintiff and the Moffett Company, which the receivers represent, but it is insisted that if they were parties to the action, and should succeed in defeating the plaintiff's claim, the receivers would still be compelled to try the legal issue with the Central Railroad Company, whether that company owed the receivers or party represented by them or not.

We do not think that would follow in this case. If in this action it turn out that the Central Railroad Company owed nothing to the contracting company, then the plaintiff would, it seems to us, fail in this action; but that question could not be effectually tried, so as to bind the receivers, unless they were before the court in this action, and as the rights and liabilities of all the parties arise out of the same subject-matter of the action, the rights of each and all, if before the court in this action, can be effectually adjudicated and determined so as to bind all.

For that purpose the receivers of the Moffett, Hodgkins & Clarke Company would seem not only to be proper but necessary parties for the purpose of determining whether or not the railroad com-

pany owed Moffett, Hodgkins & Clarke Company anything on which the plaintiff's lien would attach under its employment by the latter company.

No complete determination of the controversy could be had without the presence of the representatives of the Moffett, Hodgkins & Clarke Company, and they would, therefore, seem to be proper and necessary parties under the provisions of section 452 of the Code of Civil Procedure. The counsel for the plaintiff objects also that the motion of the railroad company to bring in Louis Marshall, the assignee of the Moffett, Hodgkins & Clarke Company, was improvidently granted.

Marshall was the assignee of the interest of Moffett, Hodgkins & Clarke Company in its contract with the Central Railroad Company; as such, he was directly interested in the amount, if any, of the plaintiff's recovery against that company, provided that amount was to be taken out of any balance due from the railroad company to Marshall on Moffett, Hodgkins & Clarke's claim, which had been assigned to him, and while he, as assignee, might not be bound by the result of the plaintiff's action against the railroad company, he would, for the reason stated above in the discussion of the question as to the propriety of the receivers being made parties, in like manner be a proper party for the purpose of a complete determination of the matter in controversy, to wit: the amount, if any, of the indebtedness of the railroad company to Moffett, Hodgkins & Clarke Company, and, if so, whether the plaintiff or the receivers of the Moffett, Hodgkins & Clarke Company are entitled to the same. In theory, it is insisted by the plaintiff, the railroad companies must litigate the question of the indebtedness of the New York Central and Hudson River Railroad Company to the Moffett Company in an action between the plaintiff and railroad companies, which will in no sense bind the Moffett Company or its representatives as to the fund over which the controversy is waged, leaving the railroad companies and the Moffett Company to settle their rights to the same fund in an independent action, thus subjecting the railroad companies to the hazard of being twice charged with the same fund.

Against such a result we think section 452 of the Code of Civil Procedure furnishes a remedy, or rather a preventative. That section is as follows: "The court may determine the controversy as

between the parties before it when it can do so without prejudice to the rights of others, or by saving their rights ; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in.   And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in."

We think the provision of the Code is broad enough to cover a case of this kind, and justify the order bringing in the receivers and assignee of the Moffett, Hodgkins & Clarke Company.

By the terms of the agreement between the New York Central Railroad Company and the Moffett, Hodgkins & Clarke Company, the latter agreed to procure the right of way for the Gouverneur and Oswegatchie railroad, and in the attempt to perform that contract the Moffett Company employed Conger & Orvis, attorneys, to procure a clear title to such right of way, which to some considerable extent they did, but retained in their own hands, by virtue of their lien as attorneys, the title so secured, in default of payment for their services, and upon the motion of the receivers of the Moffett Company their attorneys were, on this motion, ordered to be brought in as defendants, so that their lien upon the muniments of title to the right of way might, on an adjustment and payment of their lien in this action, be settled and the title deeds in their hands might be delivered to the party entitled to the same.   This claim also arises out of the transactions involved in the action, and the subject-matter in controversy therein, and, while they have not filed notice of their lien, they nevertheless have liens, both at common law and by statute, which cannot be divested except upon payment, and in this action, which is in the nature of an equitable action, to enforce a lien against this property, we see no reason why these attorneys are not proper parties defendant.

We think on the whole case, as presented on this appeal, the order of the Special Term was proper, and should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.