(61 Misc. Rep. 582.)

CALEO et al. v. GOLDSTEIN et al.

(Supreme Court, Special Term, Kings County. December, 1908.)

EQUITY (§ 51*)—JURISDICTION—MULTIPLICITY OF SUITS.

A complaint alleging that plaintiff is the owner of a lot bounded on one side by the lot of one of the defendants and on the opposite side by the lot of the other defendant, and that there is an encroachment on his lot by one or the other of the defendants, but by which he is unable to state, does not state a cause of action for equitable relief on the ground that equitable interference is necessary to prevent a multiplicity of suits, for at most but two suits would be necessary to settle the question of encroachment.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 51.*]

Action by Vito Caleo and others against Lena Goldstein and others. Demurrer to the complaint sustained.

Washburn & Sickels, for plaintiffs.
Forest S. Chilton, for defendants.

CARR, J. The defendant Goldstein demurs to the complaint herein on the following grounds: (a) That the complaint does not state facts sufficient to constitute a cause of action; (b) that there is a misjoinder of causes of action, in that a cause of action against said Goldstein is joined with a cause of action against one Flischer, as to which two causes of action the interests of Goldstein and Flischer are entirely distinct.

The action is in equity, as claimed by the plaintiff, and the complaint must be considered in that light. In its simplest form the complaint is one brought to procure the settlement of disputed boundaries of a plot of land situate in this county. The plaintiff claims to own a plot of land on the westerly side of Rockaway avenue, 50 feet front and 100 feet in depth. He alleges that Flischer owns a plot of land on the westerly side of Rockaway avenue, abutting the plaintiff's land on the north, and in dimensions 25 by 100 feet. He further alleges that the defendant Goldstein owns a plot of land in dimensions 25 by 100 feet on the westerly side of Rockaway avenue, abutting the plaintiff's land on the south. He then alleges that there is an encroachment on his own land to the extent of 15 inches, made either by Flischer or Goldstein, and by which of whom, as he says, he is unable to state, owing to differences of opinion of certain surveyors whom he has employed for the actual location of the boundaries.

It seems to me that the question of the sufficiency of the plaintiff's complaint can be determined by ascertaining whether the facts therein make out a cause in equity. If a cause of action as stated in the complaint can be maintained in equity, the alleged defect of misjoinder of causes of action is not substantial. I am of opinion, however, that the plaintiff's complaint does not state a cause of action for equitable relief. There seems to be but one decided case in this state on this question. Boyd v. Dowie, 65 Barb. 237. The decision just cited was made at Special Term of the Supreme Court in 1872, and does not appear to have been cited subsequently in the opinions of any decided case in this state. In that case the court entertained jurisdiction of an equitable action to adjust a confusion of boundaries; but it was expressly upon the ground that, under the particular facts of that case, equity would take jurisdiction in order to prevent a multiplicity of actions. In the case at bar this ground for equitable jurisdiction does not exist. At most, it would be necessary to have two actions to settle forever the question which of the two abutting owners is encroaching upon the plaintiff's land. Neither of these actions would be against the same parties defendant.

The plaintiff may sue either Goldstein or Flischer, and obtain such judgment as his proofs will warrant. The ground on which equity takes jurisdiction to avoid a multiplicity of actions exists where the multiplicity of actions is against the same parties defendant, and not

against separate parties defendant. O'Brien v. Fitzgerald, 6 App. Div. 514, 39 N. Y. Supp. 707; Id., 150 N. Y. 572, 44 N. E. 1126. It seems to me that the plaintiff's remedy is at law, and against whichever one of the two abutting owners he is prepared to prove actual encroachment upon his premises.

The demurrer is sustained, with leave to amend on payment of costs.