## CALEO et al. v. GOLDSTEIN et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. BOUNDARIES (§ 26*)—REMEDY—EQUITABLE RELIEF.
  A complaint alleging that plaintiff is the owner of a lot bounded on one side by the lot of one of the defendants and on the opposite side by the lot of the other defendant, that both of defendants have erected buildings on their lots, and that one or both of such buildings encroach on plaintiff's lot, but that he cannot determine which one so encroaches, and praying that the boundary lines be fixed and the encroachments be ordered removed, states a cause of action for equitable relief.
  [Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 26.*]

2. BOUNDARIES (§ 32*)—PLEADING.
  The complaint was not defective because it did not point out the actual trespasser; that being rendered impossible because of the conflict of boundaries created by defendants themselves.
  [Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 145; Dec. Dig. § 32.*]

3. ACTION (§ 50*)—MISJOINDER OF CAUSES.
  There was no misjoinder of causes of action on the ground that the interests of defendants were distinct, since, if the buildings of both defendants encroached, plaintiff was entitled to relief against both.
  [Ed. Note.—For other cases, see Action, Cent. Dig. § 524; Dec. Dig. § 50.*]

4. PARTIES (§ 25*)—JOINDER—DEFENDANTS.
  Equity permits all persons related to the subject-matter, who have a common interest in one or more branches of it, to be joined in an action, when the subject-matter has become so involved that the rights of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parties are in doubt and it is difficult to determine who is liable, except on a full hearing before the court.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 31, 36; Dec. Dig. § 25.*]

Miller, J., dissenting.

Appeal from Special Term, Kings County.

Action by Vito Caleo and others against Lena Goldstein and others. From an interlocutory judgment sustaining a demurrer to the complaint, on the grounds that it does not state facts sufficient to constitute a cause of action and that there is a misjoinder of causes of action, plaintiffs appeal. Reversed.

For prior report, see 61 Misc. Rep. 582, 114 N. Y. Supp. 605.

The action is in equity, and is brought to determine and fix the boundary line between the real property of the parties, and to compel the removal of such buildings by the defendant, or defendants, whose buildings may be found to encroach upon the plaintiffs' land. The plaintiffs allege ownership of a parcel of land on the west side of Rockaway avenue, in the borough of Brooklyn, 50 feet in width front and rear and 100 feet deep; that the defendant Fleisher owns and is in possession of an adjoining parcel of land on the north, 25 by 100 feet, on which is erected a four-story brick building, and that the defendant Goldstein owns and is in possession of an adjoining parcel of land on the south, 25 by 100 feet, on which is erected a three-story frame building and frame shed in the rear thereof; that all of the parties derived their title from the same grantor; that the space or distance in width of the plaintiffs' land between the buildings of the defendants is less than 50 feet, and that such buildings, one or both, encroach on the land of the plaintiffs to the extent of about 15 inches, and that they are deprived thereby of the possession and use of their land to that extent; that the plaintiffs have caused several surveys to be made by different surveyors, who agree that an encroachment exists to the extent alleged, but disagree as to which of defendants' buildings so encroach, and that plaintiffs cannot determine that fact; "that owing to such complications and entanglements the rights of the parties are in doubt, and it is difficult to determine who is liable and who is not, except upon a full hearing, in which all the persons in any way affected or interested are before the court." The prayer for relief is as follows: "Wherefore plaintiffs pray judgment of this court determining and fixing the boundary lines between the properties of the parties hereto, and that the defendants, or such of them as shall be found to encroach upon plaintiffs' land, be enjoined and restrained therefrom, and for a mandatory injunction for the removal of said encroachment, and for the sum of fifteen hundred ($1,500) dollars damages, together with the costs of this action."

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Cyrus V. Washburn (George W. Sickels, on the brief), for appellants.

Forrest S. Chilton, for respondents.

RICH, J. The learned justice at Special Term has held that, if the cause of action stated in the complaint can be maintained in equity, the alleged defect of misjoinder of causes of action is not substantial and presents no bar to maintaining the action. I concur in this view. But he has reached the conclusion that the complaint did not state a cause of action for equitable relief. In this I think he was in error. If it should appear that a building has been erected upon the land of the

plaintiffs, equitable interference to compel its removal by the person who wrongfully erected or maintains it is proper. Such removal necessarily imperils the remainder of the building, and the trespasser, not the injured party, ought to assume that risk. The primary object of the action is to compel the removal of the encroaching buildings, which involves, as an incident, the determination of the boundary lines of the respective parties. Equitable jurisdiction, being properly invoked upon the first branch of the case, will be retained and continued to settle all incidental issues, and the question of the boundaries is a proper incidental issue for equity jurisdiction.

The complaint is not to be condemned because it does not point out the actual trespasser. That is made impossible because of the conflict of boundaries created by the defendants themselves, each of whom adopted a line as the proper division line between their land and that of the plaintiffs, and built accordingly. One or both are in error, the buildings of one or both are alleged to encroach upon the land of the plaintiffs, and the plaintiff is entitled to relief against one or both of the defendants who are interested and may possibly be affected by the determination. If it should be found that the buildings of both defendants encroach, the plaintiffs are entitled under the pleadings to relief against both. Equity permits all persons related to the subject-matter, who have a common interest in one or more branches of it, to be joined in an action, when the subject-matter has become so involved that the rights of the parties are in doubt and it is difficult to determine who is and who is not liable, except upon a full hearing before the court, which can adjudicate the questions and settle the rights of all of the parties, and make its judgment so full and comprehensive as to quiet the controversy in all of its aspects, protect those compelled to obey its decree, and prevent further litigation. Board of Supervisors v. Deyoe, 77 N. Y. 219; Hilton Bridge Co. v. N. Y. C. & H. R. R. Co., 84 Hun, 225, 32 N. Y. Supp. 514; Kellogg v. Siple, 11 App. Div. 458, 42 N. Y. Supp. 379; Hall v. Gilman, 77 App. Div. 458, 79 N. Y. Supp. 303; N. Y. & N. H. R. R. Co. v. Schuyler, 17 N. Y. 592; Gavazzi v. Dryfoos, 47 Misc. Rep. 15, 95 N. Y. Supp. 199.

The complaint states a good cause of action in equity, the interlocutory judgment must be reversed, with costs, and the demurrer overruled, with costs, with the right to the respondent to answer within 20 days. All concur, except MILLER, J., who dissents.