# Lott *v*. Mobile County.

*Bill in Equity by County, against Tax-Collector and Sureties on Official Bond, for Account, Discovery, and Enforcement of Lien.*

1.   *Enforcement of statutory lien against property of tax-collector and sureties.*—A court of equity will entertain jurisdiction of a bill in the name of the county, against a defaulting tax-collector and the sureties on his official bond, to enforce the lien declared by statute against their property.

2.   *Same; averments of bill.*—Such a bill being supported by an independent equity, it is not necessary that it should aver that the accounts are complicated, nor that it should contain the averments necessary in a bill for discovery, or in a bill to surcharge and falsify a stated account.

3.   *When account becomes stated.*—A statement of his accounts by the tax-collector, prepared by him and submitted to the complainant, does not become a stated account, unless retained without objection within a reasonable time; and where it involves transactions extending through a period of nine years, and involving more than six hundred thousand dollars, its retention for thirty-five days before filing the bill is not unreasonable.

4.   *Authority to collect escaped taxes.*—It is the duty of the tax-collector to collect delinquent taxes for previous years remaining uncollected, for which no credit has been given on the allowance made for errors and insolvencies.

5.   *Non-joinder of sureties as parties.*—The tax-collector's bond being made joint and several by statute (Code, §§ 2905, 3754), it is not necessary that all of the sureties should be joined as defendants to the bill.

6.   *Statutory lien created by official bond.*—The lien declared by statute to be created by an official bond (Code, § 403), operates on property acquired by the principal after its execution, and on property acquired by the sureties after his default and before suit brought.

7.   *Multifariousness.*—The bill is not multifarious, because it joins as defendants some of the sureties on two bonds, given for successive terms, alleging that the tax-collector kept but one running account, in which collections were applied indiscriminately. (STONE, C. J., *dissenting.*)

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 5th October, 1885, in

the name of Mobile county as complainant, against Elisha B. Lott, tax-collector of said county for many years, and William Turner, William Otis, Rufus Dane, Charles Farley, and Thomas Conboy, sureties on his several official bonds; there being, also, on each bond, several other sureties, who were not sued. The prayer of the bill was expressed in these words: "That said Lott may make a full and true discovery and disclosure of and concerning all taxes due your orator for years preceding 1880, which he has collected since the 7th day of August, 1880; that an account be taken under the direction of the court, between your orator and the defendants, to ascertain and fix the amount due it from said Lott, on account of such back taxes, and the county taxes levied and collected for each of the years 1880, '81, '82, and '84, and the date and amount of each default made by said Lott as to such back and other taxes; that the amount due by each of said defendants, other than said Lott, on account of such defaults, be ascertained and declared; that said defendants Dane and Otis be each required to disclose and fully discover what property, real and personal, other than that described in Exhibits B, and C, he owned at the time of the respective defaults for which he shall be decreed liable, and also what property he has acquired since such defaults, and what disposition he has made of the same, and what thereof he now owns; that defendants Turner, Farley and Conboy, each, make full and complete discovery of all real and personal property owned by him at the time of the respective defaults for which he shall be decreed liable, or which he has since acquired, and what disposition he has made of the same, and what thereof he now owns; that this hon. court will ascertain the amount for which your orator has a lien upon each piece of property of each of the defendants, and will decree such piece of property to be sold for the satisfaction of such amount, and the proceeds thereof to be so applied; and that your orator shall have such other and further, or such different relief, as the nature of the case may require."

The defendants demurred to the bill, and assigned, jointly and severally, the following grounds of demurrer: (1.) Because the complainant "has a full, complete, and adequate remedy at law." (2.) Because the bill "does not allege and set forth any fact showing that the account filed by said Lott is incorrect, or that any particular therein is incorrectly claimed by him as a credit." (3.) Because the bill shows that said Lott "has not concealed or withheld from complainant any books and vouchers, or any information, whereby complainant has been unable to ascertain and state an account with said Lott, without a resort to a bill of discovery; and fails to set forth any grounds for a discovery from him touching his said account." (4.) Be-

[Lott v. Mobile County.]

cause he "fails to point out in any particular wherein said Lott's account with complainant has become and is complicated and entangled, so that the same can not be adjusted at law." (5.) "Because the claiming of credits by said Lott in his said account, for payments which he has not made, and for abatements and allowances which were never granted to him, or which were unlawfully attempted to be given him, are matters properly cognizable in a court of law, and are no grounds for a resort to equity." (6.) Because said Otis, Dane, Turner, Farley and Conboy are not, nor is either of them, "liable for any alleged default of said Lott growing out of his alleged failure to discharge his duty as tax-collector for years previous to the tax-year 1880, they not being his sureties as tax-collector for years prior to 1880." (7.) "Because the sureties of said Lott as tax-collector, for years previous to 1880, are necessary parties defendants to this bill, and should be made defendants." (8.) "Because F. A. Stoutz" and others named "are shown by the bill to be sureties of said Lott on said bond made August 17, 1880, and are each liable thereon, and are necessary and proper defendants to this suit, and should be made defendants." (9.) "Because the bill shows that C. Pritchard and Thos. LeBaron are also sureties on the additional bond given by said Lott on the 15th February, 1884, and are necessary and proper defendants to the bill, and should be made defendants." (10.) Because the bill shows that said Thos. Conboy "is surety for said Lott only on the bond made on the 23d day of August, 1884, upon a new term of office under an election held on the 4th August, 1884, and is not liable for any alleged default of said Lott for any previous term of office as such collector." (11.) Because the bill is multifarious in seeking to unite several distinct matters of account against different parties, sureties on different bonds, and for different terms of office. (12.) Because the bill does not show that the complainant "has any judgment against said Davis, Conboy, Farley, Otis and Turner, which remains unsatisfied, and upon which execution has been issued and returned unsatisfied; nor does it show that said defendants, or either of them, have or has conveyed any of their property retrospectively, with intent to hinder, delay, or defraud their creditors; nor does it charge any facts against them, whereby this hon. court can compel them to make any discovery." (13.) Because "Exhibit A to the bill shows that there is no debt due by said Lott to the complainant, and the bill fails to allege or set forth any facts going to show that said account is false and untrue."

The court overruled the demurrer, on all the grounds assigned; and its decree is now assigned as error by the defendants, jointly and severally.

L. H. FAITH, for the appellants.—The appellants rely on each of the grounds of demurrer specifically assigned. As a bill for an account and discovery, or for a discovery in aid of an account, the allegations of the bill are wholly insufficient. *Chandler v. Hanna*, 73 Ala. 390; *Dickinson v. Garthwaite*, 34 Ala. 638; *Dallas Co. v. Timberlake*, 54 Ala. 403. As a bill to surcharge and falsify a stated account, it is equally defective.—*Cowan v. Jones*, 27 Ala. 325; *Travis v. Frierson*, 36 Ala. 720; *Langdon v. Roane*, 6 Ala. 518; *Phillips v. Belden*, 2 Edw. Ch. 1; *Bullock v. Boyd*, 2 Edw. Ch. 293; *Baker v. Biddle*, 1 Baldw. C. C. 394. That the account rendered by Lott, and retained by complainant, without objection, until the filing of the bill, thereby became a stated account, see *Langdon v. Roane*, 6 Ala. 518; *Powell v. Powell*, 10 Ala. 900; *Murray v. Toland*, 3 John Ch. 569; *Phillips v. Belden*, 2 Edw. Ch. 1; *Brown v. VanDyke*, 4 Halst., N. J. 795. When the account of a party is offered as evidence against him, it is equally admissible as evidence in his favor, though mistakes apparent on its face should be corrected.—*Jones v. Jones*, 4 Hen. & M. 447; *Garrett v. Carr*, 3 Leigh, 407; *Waggoner v. Gray*, 2 Hen. & M. 603; *Freeland v. Cocke*, 3 Munf. 352. As to the taxes for the years payable in 1880, or before, the law fixed an absolute liability on the collector and his sureties, when he failed to collect and make final settlement by the first of May each year; and this liability could not be transferred to the sureties for any subsequent year.—*The State v. Lott*, 69 Ala. 147; *Boring v. Williams*, 17 Ala. 523. Therefore, as to these transactions of former years, the sureties on the former bond or bonds were necessary parties; and if the bill is to be sustained as calling for a general accounting of all the collector's transactions during a period of ten years or more, all the sureties on the several bonds were necessary parties defendant. 1 Dan. Ch. Pr. 269; 1 Brick. Digest, 753, § 1687; *McKinley v. Irvine*, 13 Ala. 682; *Watts v. Gayle*, 20 Ala. 817; Story's Eq. Pl. §§ 72, 76a, 169, 218; *Cockburn v. Thompson*, 16 Vesey, 326; *Maddox v. Jackson*, 3 Atk. 406; *Bland v. Winter*, 1 Sim. & Stu. 246; *Griffin v. Spence*, 69 Ala. 398. But the bill is multifarious, in seeking to unite separate and distinct demands against different defendants in one suit. Although each bond imposes upon the sureties thereto a liability which is made joint and several by statute (Code, § 2905), the liability of each set of sureties is separate and distinct, and neither is liable for the defaults of the others, nor interested in the statement of the account against the others.—*Lehman v. Meyer*, 67 Ala. 404; *Clay v. Gurley*, 62 Ala. 14; *Boring v. Williams*, 17 Ala. 523. The complainant's lien does not extend to any property subsequently acquired by the sureties.—*Dallas Co. v.*

[Lott v. Mobile County.]

*Timberlake, supra; Knighton v. Curry,* 62 Ala. 404; *Burns v. Campbell,* 71 Ala. 273; 58 Wisc. 56; 49 Mich. 425; 30 Minn. 132.

R. H. CLARKE, *contra.*—The main object of the bill is to enforce the lien declared by statute, against the property of the collector and his sureties; and the other allegations of the bill being merely incidental thereto, it was not necessary that they should conform to the rules regulating bills for a discovery in aid of an account, or to surcharge and falsify a stated account. As to the account furnished by the collector himself, which is made an exhibit to the bill, it is expressly averred to be full of inaccuracies, and its incorrectness is apparent on its face. This account extends through a period of ten years, and involves transactions amounting to more than half a million of dollars; and its retention for about thirty-five days, before filing the bill, does not raise it to the dignity of a stated account. As to the defaults, if any, committed prior to August, 1880, no account is asked, and no liability is sought to be enforced; but for moneys subsequently collected by Lott, though due for delinquent taxes of former years, and never accounted for, the collector and his sureties at the time of the collection are responsible.—*Perry Co. v. Railroad Co.,* 58 Ala. 564. The liability of the sureties on an official bond is made by statute joint and several, and the complainant may join one or more at his discretion.—Code, §§ 2905, 3754; *Teague v. Corbitt,* 57 Ala. 529. The complainant is not interested in the question of contribution among the several sureties, and was not required to bring them all in; but the accounts for the several years being complicated, and the collector being interested in all, there was no misjoinder nor multifariousness.—*Bank v. Walker,* 7 Ala. 927; *Halstead v. Shepard,* 23 Ala. 559; 65 Ala. 479; 67 Ala. 396; 75 Ala. 348.

SOMERVILLE, J.—The leading purpose of the bill is to enforce, in favor of the county of Mobile, a lien upon the property of certain sureties of the tax-collector of the county, created by the execution of three official bonds, extending through two terms of office, commencing in August, 1880. The first bond, which was executed in 1880, was reported insufficient by the grand jury, and the collector was required to execute an additional bond in February, 1884. The obligees of these two bonds became, under the statute, co-sureties as to each other.—Code, 1876, §§ 184–191. The last bond was executed by the collector, in August, 1884, upon entering upon his second term of office of four years. There are some sureties on each bond who were not on the other bonds, and some

[Lott v. Mobile County.]

of the sureties on each instrument who are not joined in the suit.

The statute declares, that "the bond of the tax-collector shall operate, from its execution, as a lien in favor of the State and county on the property of such tax-collector, for the amount of any judgment which may be rendered against him in his official capacity for the State or county taxes, and on the property of his sureties, from the date of his default."—Code, 1876, § 403.

1. That the Chancery Court will assume jurisdiction to enforce a lien of this kind, is now well settled by our decisions; and this irrespective of any other equity, none other in fact being requisite.—*Shuessler v. Dudley*, at present term; *Knighton v. Curry*, 62 Ala. 404; *Dallas County v. Timberlake*, 54 Ala. 403.

2. The court having jurisdiction to enforce the lien, it necessarily follows that there is no force in the several grounds of demurrer to the bill, based on the idea that the complainant had a complete and adequate remedy at law, or that no facts were alleged showing a complicated state of accounts between the collector and the county, or that the bill was defective as one filed alone for discovery, or to surcharge and falsify a stated account, or other like objections. The bill is not dependent on either of these phases of equity to support it; for, when chancery assumes jurisdiction for one purpose, it will retain it for all, that complete and not partial justice may be done in the premises.

3. The appellant's contention, that the bill fails to aver an indebtedness to the complainant by Lott, with sufficient certainty, is not sustained by the record. It is true that the *ex-parte* statement of Lott's account, prepared by himself, which is set out *in extenso* as an exhibit to the bill, fails to show on its face that anything was due from him. But the correctness of this account is explicitly denied, and the bill avers that it was never accepted by the complainant as a correct account, but that it was full of gross errors, a correction of which would leave the defendant Lott and his sureties largely indebted to the complainant in the matter of his tax account. It is only stated accounts which need to be surcharged and falsified by the formal specification of particular errors. This account did not become stated by its retention without objection, upon any presumption of supposed acquiescence in its correctness, for the reason that objection was made to it in ample reasonable time. It was not presented by Lott until August 31, 1880, and the bill was filed October 5th following, or within thirty-five days from the date of its presentation. A much greater length of time might justly have been claimed for the proper examination of an account involving tax transactions running through

[Lott v. Mobile County.]

nine consecutive years, and involving amounts footing up in the aggregate between six and seven hundred thousand dollars.

4.   It was the duty of the tax-collector to collect delinquent taxes assessed for previous years, remaining uncollected, and for which no credit had been given under the statute authorizing credits for insolvencies and errors in assessments. *Perry County v. Railroad Company*, 58 Ala. 546; Acts Ala. 1880–81, pp. 6–7.

5.   The complainant had a right, under the statute, to proceed against such of the sureties as it elected to do, the bonds being several as well as joint.   It was no sufficient objection, therefore, that some of the sureties were not joined as defendants.— Code, 1876, §§ 3754, 2905; *Teague v. Corbitt*, 57 Ala. 529.   The adjustment of the relative rights of contribution between the co-sureties was a matter affecting only themselves, and one in which the complainant had no material concern.   The present bill does not seek any account for years prior to the year 1880.   But taxes assessed previous to this time, and collected afterwards, are claimed to be a liability imposed upon those who were sureties during the time these collections were made respectively.

6.   It is our opinion, that the lien of the tax-collector's bond, created by section 403 of the Code (1876), is intended to operate upon property of the collector acquired by him subsequently to the execution of the bond, as well as on such as he may own at the time of its execution.   So with property acquired by the sureties at any time between the date of the collector's default and the time when suit is commenced for the enforcement of the statutory lien.   Any other construction would operate to defeat the purpose of the statute, and to cripple its practical enforcement.

7.   The bill is not, in our opinion, rendered multifarious, by joining in one suit the claims of the county against the sureties on the several bonds.   The first and the second bonds are in effect but legally one, under the statute, the sureties on the additional bond being made co-sureties with those on the first.   The principal in the third bond is the same as the principal in the other two, being the one debtor who is primarily liable, and for the settlement of whose accounts with the complainant the bill is filed.   He is thus, in a certain sense, a ligament, or connecting link between all the bonds-men.   The demands against the two sets of sureties, it is true, are, to some extent, distinct claims; but they are not entirely disconnected, in view of the particular facts of this case.   The collector is averred to have kept one running account, extending all the way through his last two official terms, applying the funds collected miscellaneously, without regard

to any proper appropriation of payments. The sureties on each bond are interested in the taking of the account, and in the proper adjustment of these payments, and in the correction of alleged errors in the account. The question of multifariousness is often one of policy and convenience, and, therefore, rests largely within the discretion of the court. It is sufficient to sustain a bill against such a charge, that each defendant has an interest in some one matter common to all the parties. The objection is discouraged, when sustaining it might lead to inconvenience, or defeat the ends of justice. Filing separate bills against each set of sureties in this case, it seems to us, might lead to great inconvenience, in view of the peculiar interest each surety has in the taking of the account, and the correction of the alleged errors of credits and payments.

We find no error in the decree of the court overruling the demurrers to the bill, and the decree is accordingly affirmed.

STONE, C. J.—Lott was tax-collector of Mobile county for two consecutive terms. His sureties on the two bonds, who are sued in this action, are not entirely the same. He is charged in one and the same bill with a default during each term, and he is sought to be held accountable for each of said defaults in one and the same bill. If the two defaults are shown, separate decrees will have to be rendered against the different sureties on the separate bonds. I think the demurrer for multifariousness ought to have been sustained.—Sto. Eq. Pl. §§ 271, *et seq.;* 1 Brick. Dig. 719.

