FREEMAN CUNNINGHAM *v.* TOWN OF ORANGE AND SCHOOL

DISTRICT NO. 2 IN ORANGE.

January Term, 1902.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 27, 1902.

*Misjoinder of defendants—Demurrer.*

An action upon a school district order which was given before the adoption of the town system for money loaned and used in repairing the school-house, cannot be sustained against the town and the school district jointly.

At common law, if too many are made defendants in an action *ex contractu,* and the objection appears on the face of the declaration, any of the defendants may demur.

GENERAL AND SPECIAL ASSUMPSIT on a school district order.   Heard on demurrer for misjoinder of defendants, filed by the defendant school district to the special count of the declaration, at the December term, 1901, Orange County, *Taft,* C. J., presiding.   Demurrer overruled, *pro forma,* and

the special count adjudged sufficient. The defendant school district excepted.

The defendant town pleaded the general issue and took no part in the hearing here.

*Smith & Smith* for the defendant school district.

There is a misjoinder of defendants, for there is no joint liability. The school district is liable, if at all, by virtue of a contract. The town is liable by force of the law which imposed upon it the duty to discharge the debt. The creditor had his election to look to either defendant as his debtor, but cannot hold both. *Union Stove and Machine Works* v. *Caswell,* 16 L. R. A. 85; *Nielson* v. *Newark,* 49 N. J. L. 246.

By proceeding against the town the plaintiff has elected to take the benefit of V. S. 667, and by doing so has accepted the substitution of debtors there provided. *White* v. *White,* 68 Vt. 161; *Fowler* v. *Bank,* 4 L. R. A. 145; *Bohanan* v. *Pope,* 42 Me. 93; *Hartland* v. *Hackett,* 57 Vt. 92; *Blaisdell & Barron* v. *School District,* 72 Vt. 63.

*Erwin M. Harvey* and *Darling & Darling* for the plaintiff.

The relation of the defendants to this order is like that of a person to a note which he signs or endorses long after it was made, not before being a party to it. *Barrows* v. *Lane,* 5 Vt. 161; *Knapp* v. *Parker,* 6 Vt. 642; *Strong* v. *Ricker,* 16 Vt. 554; *Sylvester* v. *Downer,* 20 Vt. 355.

The act creating the town system of schools did not release the school district. *Blaisdell & Barron* v. *School District,* 72 Vt. 63. It did not effect a novation, because the plaintiff has not consented.

The school district cannot be heard to say that there is a misjoinder, because it is liable anyway. V. S. 1179; *Powers* v. *Thayer,* 30 Vt. 361; *Reynolds* v. *Field,* 41 Vt. 225;

6 Enc. Pl. & Pr. 310; *Bronson* v. *Markey,* 53 Wis. 98; *Brownson* v. *Gifford,* 8 How. Pr. 389; *Railroad Co.* v. *Schuyler,* 17 N. Y. 592; *Lewis & Pickering* v. *Williams & Sons,* 3 Minn. 151; *Cohen* v. *Ottenheimer,* 13 Oregon 224; *Willard* v. *Reas,* 26 Wis. 315 and 540; *Howard* v. *Edwards,* 89 Ga. 367; *Bennett* v. *Preston,* 17 Ind. 291; *Holzman* v. *Hibben,* 100 Ind. 338; *Little* v. *Sayre,* 7 Hun. 485; *Gutridge* v. *Vanatta,* 27 Ohio St. 366; *Wood* v. *Decoster,* 66 Me. 542.

ROWELL, J.   The special count declares upon an order ante dating the adoption of the town system of schools, given by the defendant school district to the plaintiff for money loaned and used for repairing its schoolhouse.   It alleges that the district has been by law dissolved and disorganized, except for the purpose of settling up its affairs, and that by force of the statute the defendant town, as a school district, has assumed, and is obliged to pay, the amount of said order to the plaintiff, and in consideration of the premises has promised to pay the same.

The town pleads the general issue; but the school district demurs to said count for misjoinder of defendants.

The plaintiff says there is no misjoinder, and likens the case to that of a man who indorses in blank a promissory note long after it was made, not being before a party to it, whereby he assumes, *prima facie,* the obligation of a maker, and may be sued as such, the same as though he had signed the note on its face.

But there the indorser joins in the maker's promise, and thereby becomes jointly liable with him; while here the town does not join in the school district's promise, but promises severally to pay a debt that has become its own by operation of law as between it and the district.

The case is more like that of a man who buys a farm of one who has mortgaged it, and promises to pay the mortgage

as a part of the price, in which case he becomes the primary debtor as to the mortgagor, for the mortgage thereby becomes his debt, and his promise to pay it is several, and not joint with that of the mortgagor, for his relation to him is that of an indemnitor.

So here, it is the duty of the town, under the statute, to take charge of the schoolhouses of the districts, and all the property belonging thereto, and to pay all debts outstanding that accrued for repairs thereon. Hence the town, in promising to pay such a debt, is promising to pay its own debt; and its promise is several, and not joint with that of the district, as to which it stands an indemnitor. It follows, therefore, as there is no joint liability here, that there is a misjoinder.

But it is said that the school district is liable at all events, and therefore cannot demur, as it is properly joined. This is the rule in equity,—Story Eq. Pl. [Redf. ed.] § 544,—and under the codes and practice acts of many of the states,—15 Ency. Pl. & Pr. 763,—but it is not the rule of the common law. There, if too many are made defendants in an action *ex contractu,* and the objection appears on the face of the declaration, any of the defendants may demur, move in arrest, or support a writ of error.   1 Chit. Pl. *44.

*Judgment reversed, demurrer sustained, special count adjudged insufficient, and cause remanded.*