## PRICE *et al. v.* VIRGINIA-CAROLINA CHEMICAL CO.

A petition against two defendants, containing an alternative statement of facts wherein the plaintiff alleges that if one statement be the truth one defendant is indebted to him, and if the other statement be true the other defendant would be indebted to him, and praying that the defendants be required to interplead so as to determine which one is liable to him, and upon the liability being fixed that the plaintiff have judgment against such defendant, is multifarious.

APRIL 13, 1911.

Complaint. Before Judge Rawlings. Johnson superior court. March 23, 1910.

The Virginia-Carolina Chemical Company filed its petition against W. D. Price & Company and the Citizens Bank of Kite, Georgia, alleging as follows: that on May 1, 1908, W. D. Price & Company executed and delivered to petitioner their note for $648.11, due November 1, 1908, and payable at the Citizens Bank of Kite; petitioner discounted the note before maturity, and, in due course of trade, it became the property of the Corn Exchange National Bank of Chicago; that the Corn Exchange Bank, shortly before the maturity of the note, sent same for collection to the Citizens Bank of Kite, but never received any remittance from that bank, nor was the note ever returned; that W. D. Price & Company claim that they paid the note in full to the Citizens Bank of Kite on the 3d of November, 1908, which is denied by that bank, which also denies that it ever received such note for collection; that petitioner has paid the Corn Exchange Bank the amount of the note, but has never been able to obtain possession of the note; that if this note was paid by W. D. Price & Company to the Citizens Bank of Kite, then that bank is indebted to petitioner for the amount of the note, but if it was not so paid as claimed by Price & Company, then

the note has been lost, if it was never received by the Citizens Bank of Kite for collection, or, if it was received by the bank, the latter has appropriated and converted it to its own use; and that either W. D. Price & Company or the Citizens Bank of Kite is indebted to petitioner in the amount of the note. The prayer of the petition was that W. D. Price & Company and the Citizens Bank of Kite be required to interplead, whether W. D. Price & Company had paid the note to the Citizens Bank of Kite, as they claimed, or whether said note had never been received by the bank, as claimed by it; and that petitioner have judgment against whichever of the defendants it should appear owed the amount of its note. It was alleged by amendment that petitioner was without any adequate remedy at law, and that in order to prevent a multiplicity of suits and settle the contentions of the parties by one decree it was necessary that a court of equity should take jurisdiction. Price & Company demurred to the petition, on the grounds, that no cause of action was set out, that the petitioner is not entitled to the relief sought, either legal or equitable, and because separate and distinct actions against separate and distinct defendants are joined in the petition and there is a misjoinder of parties defendant. The court overruled the demurrer, and Price & Company excepted.

*A. L. Hatcher* and *Hines & Jordan,* for plaintiffs in error.

*Green, Tilson & McKinney,* contra.

EVANS, P. J. (After stating the facts.) Under the allegations of the petition, the plaintiff is not entitled to have the defendants engage in an internecine legal battle to settle which one of them should pay the money which it claims to be due from one or the other. The code declares that "whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Civil Code (1910), § 5471. Instead of alleging that he has funds belonging to one or the other of the defendants, whom he invites to settle their respective rights to the same, the plaintiff alleges that he is entitled to recover of one of the defendants a certain sum of money on an alternative state of facts, and asks that they litigate between themselves which state of facts presents the truth and which one of the defendants is liable to him. This is not permissible. If the bank

collected the note, it is accountable to the plaintiff, and that is one cause of action. If the makers have not paid the note they are liable thereon to the plaintiff, and that is an altogether different cause of action. The petition contains two distinct causes of action against different defendants, and violates the fundamental principle of pleading which prohibits the inclusion of separate and independent controversies against different parties in the same action.                    *Judgment reversed. All the Justices concur.*