TOWN OF MANCHESTER *v.* TOWN OF TOWNSHEND ET AL.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

*Herbert G. Barber* for the defendant, Town of Townshend.

*Bolles & Bolles* for the defendant, Town of Westminster.

*O. B. Hughes* for the defendant, Town of Londonderry.

*Blackmer & Jones* for the plaintiff.

SHERBURNE, J.   This is an action for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act, chapter 68 of the Public Laws, whereby the plaintiff seeks to establish that Carl Woodard, a poor person in need of assistance for himself and family, last resided in one of defendant towns for the space of three consecutive years, supporting himself and family, so as to cast upon such town the duty to reimburse the plaintiff for sums expended and to be expended for the relief of Woodard and his family, pursuant to the provisions of P. L. 3923.

This statute, so far as material here, reads:  "If a person is poor and in need of assistance for himself or family, the overseer of the poor of a town shall relieve such person or his family, when application for such assistance is made.  If he has not resided * * * in such town for three years, supporting himself and family, and is not of sufficient ability to provide such assistance, the town so furnishing the same may recover the expense thereof in an action of contract, on this statute, from the town where he last resided for the space of three years, supporting himself and family."

The defendants severally demurred.  The demurrers were each overruled subject to exception, and the cause has been brought here before final judgment.

The petition sets forth that Woodard and his family came to plaintiff town upon August 16, 1934, and came to want upon December 18, 1934, and were assisted by the plaintiff, which thereupon, on that date, mailed formal notice to defendant town of Westminster of Woodard's condition, and upon January 17, 1935, mailed a similar notice to defendant town of Townshend; that more than sixty days have elapsed since each of said notices; and that the defendant towns of Westminster and Townshend have each stated to the plaintiff that Woodard's residence for poor purposes is in the other town.   The petition further alleges that Woodard has never resided in plaintiff town for three years, supporting himself and family, but that he so resided in'

the town of Westminster from 1919 to 1922, and from 1926 to 1929, and in the town of Townshend from 1911 to 1916, and from 1918 to 1919; that he was born in the town of Londonderry on August 3, 1890, and became emancipated in 1907, and resided in that town, supporting himself and family, for more than three years continuously during the period from 1907 to 1911. The real purport of the petition is that the plaintiff is uncertain in which town the pauper last resided for the space of three years, supporting himself and family.

Several questions are raised by the demurrers, but we need only consider one, that of a misjoinder of the defendants. The plaintiff admits that there is no joint liability and that only one town can be liable for the support of the pauper, but insists that there is only one single problem of where the pauper last resided for three years, supporting himself and family, and that the uniform act requires that all interested parties be joined.

As the plaintiff has an adequate remedy in an action of contract under P. L. 3923 against any one of the defendants, the sole apparent reason for this proceeding is to enable the plaintiff to allege liability against each defendant in the alternative, so that the question of which defendant is liable may be tried in one action instead of putting the plaintiff to the trouble of suing, first one, and then, if not successful against that one, the next, and so on, with the possible hazards of having to bring three separate suits and of failing in all three suits because of different views taken by the triers of fact in the different suits. Such a recourse is permitted in certain situations by statute or rule in Connecticut, Rhode Island, New York, England, and some of the Canadian provinces. A few other states may permit such a joinder of defendants in certain situations. See notes in 51 L. R. A. (N. S.) 640; 41 A. L. R. 1223. The question to be determined is whether under the facts of this case the defendants may be joined by virtue of the provisions of the Declaratory Judgments Act.

P. L. 1599, so far as material here, reads: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." P. L. 1600 reads: "This chapter is declared to be remedial; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other

legal relations; and is to be liberally construed and administered." P. L. 1603 directs that it "shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." Under the last provision, decisions of the highest courts of other states are, speaking generally, precedents by which we are more or less imperatively bound in cases where similar questions are presented. *Ætna Chemical Co.* v. *Spaulding & Kimball Co.*, 98 Vt. 51, 59, 126 Atl. 582; *Breding* v. *Champlain Marine & Realty Co.*, 106 Vt. 288, 300, 172 Atl. 625.

██ An action under the statute is equitable in its nature. *Rosenberg* v. *Whitefish Bay*, 199 Wis. 214, 225 N. W. 838; *Holly Sugar Corp.* v. *Fritzler*, 42 Wyo. 446, 296 Pac. 206. And it is governed by applicable, established rules of pleading. *Newsum* v. *Interstate Realty Co.*, 152 Tenn. 302, 278 S. W. 56.

██ ██ At common law, in order that there may be a joinder of defendants, there must be a joint obligation (*Cunningham* v. *Town of Orange et al.*, 74 Vt. 115, 52 Atl. 269), or joint liability on the part of such defendants (*Town of Sharon* v. *Anahama Realty Corp. et al.*, 97 Vt. 336, 123 Atl. 192). In equity, however, there may be a joinder of defendants where there is a community of interest in questions of law and fact. *Town of Sharon* v. *Anahama Realty Corp. et al.*, *supra*. Only under such a situation can there be a joinder of defendants under this act according to established rules of pleading.

██ ██ We have held that a bill in equity is multifarious which seeks relief of one kind against one defendant, and another on different grounds against the other defendant, *Tuller* v. *Baxter et al.*, 59 Vt. 467, 476, 8 Atl. 493; and that a demurrer for multifariousness holds only when the plaintiff claims several matters of different natures. When one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer will not hold. *Smith* v. *Scribner et al.*, 59 Vt. 96, 103, 7 Atl. 711; *Farrar, Burt & Co.* v. *Powell et al.*, 71 Vt. 247, 44 Atl. 344. However, we do not appear to have decided any case where a proceeding has been brought against two defendants in the alternative, where it was only claimed that a recovery could be had against one; nor has any case of such nature under the Declaratory Judgments Act from another state been called to our attention.

There are cases from other jurisdictions to the effect that a bill in equity may be maintained against an officer, guardian or administrator, and sureties on different bonds by him given, for an accounting and apportionment of liabilities between the different sets of sureties. *Lott* v. *Mobile County,* 79 Ala. 69; *Lee* v. *Lee,* 55 Ala. 590; *State* v. *Churchill,* 48 Ark. 426, 3 S. W. 352, 880; *Alexander* v. *Mercer,* 7 Ga. 549; *State* v. *Brown,* 58 Miss. 835; *Love* v. *Keowne,* 58 Tex. 191; *Albemarle County School Board* v. *Farish's Admr.,* 92 Va. 156, 23 S. E. 221. In *Caleo* v. *Goldstein,* 134 App. Div. 228, 118 N. Y. S. 859, a suit to establish a boundary line and for damages against such defendants as were liable, there was no misjoinder. In *Demarest* v. *Holdeman,* 157 Ind. 467, 62 N. E. 17, 26, it is said: "In chancery, bills of discovery are allowed where the complainant, for want of information, does not know which of several parties to sue, or where the circumstances are such that he is unable to determine which of several parties are liable to him." In *Thomason* v. *Smithson,* 7 Port. (Ala.) 144, it was held that a bill to restrain enforcement of a judgment which was alleged to have been satisfied could be framed so as to obtain relief against the judgment creditor if he had authorized the one attempting to enforce the judgment to do so, or so as to obtain relief against such third person if he was attempting to collect the judgment without authority from the judgment creditor.

The foregoing cases present situations very unlike the instant case. This case is upon all fours with *Price* v. *Virginia-Carolina Chemical Co.,* 136 Ga. 175, 71 S. E. 4, an equitable petition against two defendants, containing an alternative statement of facts, wherein it was alleged that if one statement was true, one defendant was indebted to the plaintiff, and that if the other statement was true, the other defendant would be indebted to him, and in which the prayer was that the defendants be required to interplead so as to determine which one was liable to him, and to have judgment against such defendant. It was held that the petition contained two distinct causes of action against different defendants, and violated the fundamental principle of pleading which prohibits the including of separate and independent controversies against different parties in the same action. See also *Newsum* v. *Interstate Realty Co., supra,* a declaratory judgment case, which holds that a joinder of two

parties defendant whose claims are separate and independent, either capable of being determined without the other before the court, makes the declaration demurrable on the ground of multifariousness.

■ ■ There is no basis for equitable discovery in the instant case. The facts as to the pauper's residence are as open to one party as to the other parties. Merely because one defendant town states that the pauper's residence is in another town does not make the former town have a community of interest with the latter town in the law and facts involved. The controversies between the plaintiff and each of the defendant towns are separate and distinct and cannot be joined.

*Judgment reversed, demurrers sustained and petition adjudged insufficient; judgment for the defendants to recover their costs.*

POWERS, C. J., *dissenting.* I am unable to agree with the majority in the disposition of this case.

We are called upon to construe a statute; a statute providing a new remedy for an uncertain claimant. On grounds of a sound public policy, such a statute should be liberally construed so that the legislative purpose would be carried into effect so far as reasonably possible. Not only this, but the express terms of the act itself admonish us to thus construe the act. Surely, the limitations and restrictions of the common law should not be allowed to stand in the way. So let us remember that we are considering a new remedy provided by the lawmaking power to simplify and expedite the determination of legal rights and relations.

I find much good sense in what Mr. Justice Stone says in 50 *Harvard Law Rev.* 15, as follows: "A statute is not an alien intruder in the house of the common law, but a guest to be welcomed and made at home there as a new and powerful aid in the accomplishment of the appointed task of accommodating the law to social needs."

When the statute before us is considered in this friendly spirit, I feel sure it will be found available in a case like this.

I start my study of the statute with two unquestionable propositions before me:

First, there is no doubt that this plaintiff could, at the same time, have pending separate suits against these defendants;

Second, there can be no doubt that the Legislature has the power to pass a valid act, authorizing this plaintiff to bring these actions in one suit. That is to say it is within the range of legislative power to pass an act authorizing this very suit.

So the only question is, has the Legislature exercised this power in enacting the declaratory judgment statute, under which this suit is brought?

That it intended to change the law is not only presumed, but is perfectly apparent. Jurisdiction is granted in the broadest terms: ''County courts, courts of chancery and probate courts within their respective jurisdictions shall have power to declare *rights, status and other legal relations* * * *.'' P. L. 1589. The act requires that ''all persons shall be made parties who have or claim any interest which would be affected by the declaration * * *.'' P. L. 1599.

And it is specifically declared that the purpose of the act ''is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *.'' P. L. 1600.

The case before us involves the status of a pauper; the legal relation of the defendants toward him; and the rights of the plaintiff against the town of his legal residence as a pauper.

It seems plain to me that the case fits into the statute. There is no room or occasion for talking about ''misjoinder of defendants'' in the common law sense of that term. The plaintiff is entitled to ''relief from uncertainty and insecurity'' with respect to his rights against one of the three defendants, *the* one in which the pauper last resided for three years maintaining himself and family.

The majority relies upon *Price* v. *Virginia-Carolina Chemical Co.*, 136 Ga. 175, 71 S. E. 4, which it says is on all fours with this case. I find nothing in that case that supports the conclusion of the majority. It was not a declaratory judgment case at all. Georgia is a code state. All that the court decided was that the code, which is recited in the court's opinion, did not afford the relief asked for by the plaintiff. That was plain enough from the language of the code, and I cannot understand how anyone should have claimed the contrary. But there is not

a word in that case that indicates what would be held under a statute like ours.

The majority also relies upon *Newsum* v. *Interstate Realty Co.*, 152 Tenn. 302, 278 S. W. 56, 57. This case is in point, and holds just what the majority says it does. I do not believe the court's law is sound. To declare that the act in question is governed by "established rules of pleading" or otherwise limited by the technicalities of the common law is to deny to it that liberal construction which the act itself provides for, and unreasonably to hamper its usefulness.

*Town Board of Greece et al.* v. *Murray et al.*, 123 N. Y. S. 606, 130 Misc. 55, is much more sensible. There, a number of plaintiffs, whose interests were not joint, but several, brought an action for a declaratory judgment against a number of defendants, whose interests were not joint but several, in which the plaintiffs sought not only to have their respective liabilities determined but also the liability of the defendants to the plaintiffs and to one another. A motion to dismiss raised the question of the plaintiffs' right to such a declaration. This motion was denied, and the right to the declaration was established.

Again I quote Mr. Justice Stone in the *Harvard Law Review* already referred to: "The success of a remedy must depend in a large measure upon the willingness of the judges to make use of it."