18665

GUIMARIN & DOAN, INC., Respondent, v. GEORGETOWN TEX-
TILE AND MANUFACTURING COMPANY, INC., M. B. Kahn,
Irwin Kahn, H. Bernard Kahn, and Sol Kahn, d/b/a M. B. Kahn
Construction Company, The Trane Company, Commercial Roofing
& Sheet Metal Co., Johnson Service Company, and Chas. T. Main,
Inc., of whom Commercial Roofing & Sheet Metal Co. and Johnson
Service Company are, Appellants.

(155 S. E. (2d) 618)

562

*J. Edwin Belser, Jr., Esq.,* of Columbia, *for Appellant, Johnson Service Company,*

*Messrs. Whaley & McCutchen and Donelan & Donelan,* of Columbia, *for Appellant, Commercial Roofing & Sheet Metal Company,*

*Messrs. Irvine F. Belser, Jr., Belser, Belser & Baker* and *Cooper, Gary, Nexsen & Pruet,* all of Columbia, *for Respondent,*

June 9, 1967.

BRAILSFORD, Justice:

This action arose out of the construction of an industrial plant in Georgetown County, South Carolina, by M. B. Kahn Construction Company, as prime contractor, for Georgetown Textile and Manufacturing Company, Inc., the owner. Chas. T. Main, Inc., was the architect. Kahn subcontracted the heating and air conditioning requirements of the construction to Guimarin & Doan, Inc. Guimarin, in turn, subcontracted installation of the ducts to Commercial Roofing and Sheet Metal Co. and installation of the temperature controls to Johnson Service Company. The air con-

ditioning units and accessories were purchased by Guimarin from The Trane Company.[1]

Claiming that the plant machinery had been damaged by water leakage and falling debris, Georgetown made a claim against Kahn, which the latter settled for $22,500.00. Kahn, in turn, claimed the amount of this settlement against Guimarin, and withheld a balance due on its subcontract. Guimarin then commenced this action for declaratory judgment, naming all of the above mentioned parties as defendants.

Commercial and Johnson each demurred to the complaint on the grounds of misjoinder of causes of action and insufficiency of facts to state a cause of action against the demurrants. This appeal is from an order of the circuit court overruling these demurrers. The other four defendants have filed answers. Commercial and Johnson are the only appellants. The statements in their respective briefs of the questions involved on this appeal vary in verbiage, but pose the same legal issues:

1—Have several causes of action been improperly united in the complaint

2—Does the complaint state facts sufficient to constitute a cause of action against Commercial or Johnson?

The complaint alleges that a genuine controversy exists between Guimarin and each of the defendants as to the cause and amount of the damage to Georgetown's machinery, for which Kahn has made claim against Guimarin, and as to the consequences upon the respective rights and liabilities

---

[1] For convenient reference, the parties are identified and listed as they will usually be referred to in this opinion:
    Plaintiff-respondent:
        Guimarin—subcontractor, heat and air.
    Defendants-appellants:
        Commercial-subcontractor, duct installation.
        Johnson—subcontractor, temperature control.
    Defendants, non-appealing:
        Georgetown—owner.
        Kahn—prime contractor.
        Main—architect.
        Trane—supplier of air units.

of the parties under the related construction contracts. The complaint further alleges that the heating and air conditioning subcontract has been performed by Guimarin and its subcontractors, Commercial and Johnson, in a proper manner, in full compliance with the plans and specifications prepared by Main, and that Guimarin is not responsible for such damage as may have occurred. The complaint puts forward certain alternative theories as to the possible cause of such damage, *i.e.*: 1. The plans and specifications were inadequate, for which Main is responsible; 2. The air conditioning units and equipment furnished by Trane did not meet the specifications as represented for which Trane is responsible; 3. Kahn was negligent in permitting Georgetown to commence operation of the machinery prior to completion of the plant, proper testing and final clean up; 4. Georgetown was negligent in commencing the operation of the plant under these circumstances.

The complaint further alleges that Georgetown and Kahn contend the water damage was caused by improper and defective installation of air conditioning ducts, and that the damage from falling debris was caused by objects left upon the ducts by Commercial and Johnson in the negligent performance of their subcontracts. The complaint states that if it should be determined by the court that such damage was caused by Commercial and Johnson, or either of them, in the faulty performance of their contracts, then plaintiff will be entitled to indemnity from one or both for such damages as may be assessed against it.

The Uniform Declaratory Judgments Act was adopted here in 1948 and is now codified as Chapter 24 of Article 10, Code of 1962. The complaint invokes this act and seeks a declaration of the rights, duties and responsibilities of the parties with respect to the damage claim, in the light of the construction contracts and the relations of the parties thereunder.

The first ground of appeal, misjoinder of causes of action, is without merit for the compelling reason that the only cause of action stated in the complaint is for a declaration of the interrelated rights and liabilities of the parties under the contracts. Compare *Bank of Augusta v. Satcher Motor Co.,* S. C. 152 S. E. (2d) 676, in which a like conclusion was reached.

Apparently, appellants view each of the alternative theories stated in the complaint concerning the cause of Georgetown's damage as a cause of action. This is a misconception of the complaint. These allegations are simply in aid of Guimarin's primary objective, *i.e.,* a declaration that the heating and air conditioning contract has been properly performed in compliance with the plans and specifications. Guimarin has no distinct cause of action based upon any of these theories and has not attempted to state one. They are significant only to the extent that they bear upon Guimarin's entitlement to the declaration which it seeks.

As already stated, the remaining ground of appeal challenges the sufficiency of the facts alleged to state a cause of action against Commercial and Johnson.

A complaint for declaratory judgment is good against demurrer for insufficiency of facts if its allegations show the existence of a justiciable controversy between the parties. *Bank of Augusta v. Satcher Motor Co.,* S. C. 152 S. E. (2d) 676, and cited authorities. A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character. Borchard, Declaratory Judgments, 40 (2d ed. 1941). We think it manifest that the allegations of the complaint show the existence of such a controversy.

Appellants contend that the real controversy is between Guimarin and Kahn, and that the only controversy involving Commercial or Johnson is the factual issue of proper performance of their respective subcontracts, which should be

tried before a jury in an ordinary action. The suggestion that declaratory relief may not be sought if another remedy is available finds no support in the terms of the act.

The Declaratory Judgments Act Confers broad power upon the courts "to declare rights, status and other legal relations whether or not further relief is or could be claimed." Section 10-2002, Code of 1962. The statute is remedial. It provides that no action shall be open to the objection that only declaratory relief is sought. Section 10-2002. The right to jury trial of issues of fact is preserved. Section 10-2009. The legislative purpose is declared to be "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Liberality in the construction and administration of the act is expressly enjoined. Section 10-2013.

It is generally held that the granting of a declaratory judgment rests in the sound discretion of the court, to be reasonably exercised in furtherance of the purposes of the act. *Williams Furniture Corp. v. Southern Coatings & Chem. Co.,* 216 S. C. 1, 56 S. E. (2d) 576. The existence of another remedy and the presence of complicated issues of fact may be considered by the court in exercising its discretion as to whether declaratory relief should be granted. However, neither is ground for sustaining a demurrer, which tests the legal sufficiency of the pleading. The terms of the act, either expressly or by necessary implication, require this conclusion. The relief afforded is open to a litigant "whether or not further relief is or could be claimed." Section 10-2002, Code of 1962. The broad power to declare rights could not be effectively exercised without the power to resolve issues of fact. The act provides that such issues shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the same court.

The Supreme Court of the United States in *Aetna Life Ins. Co. v. Haworth,* 300 U. S. 227, 57 S. Ct. 461, 81

L. Ed. 617, 108 A. L. R. 1000, held that the jurisdiction of the district court under the Federal Declaratory Judgments Act, which is similar to the Uniform Act, encompassed the determination of the dispostive factual issue of total and permanent disability, where this was necessary to determine whether an insurance contract had been forfeited. "The legal consequences flow from the facts and it is the province of the courts to ascertain and find facts in order to determine the legal consequences. That is everyday practice." 300 U. S. at page 242, 57 S. Ct. at 465.

While there are decisions to the contrary, such as Ennis v. Casey, 72 Idaho 181, 283 P. (2d) 435, 28 A. L. R. (2d) 952, and *Central Mut. Ins. Co. v. Lutz,* 414 Pa. 137, 199 A. (2d) 442, in our judgment, the conclusion reached in *Aetna* is more consistent with the terms and spirit of the act. It has been followed in numerous decisions from other jurisdictions. See, *e. g., Ohio Farmers Indem. Co. v. Chames,* 170 Ohio St. 209, 163 N. E. (2d) 367; *Greene v. Wiese,* 75 S. D. 515, 69 N. W. (2d) 325; *Trinity Universal Ins. Co. v. Willrich,* 13 Wash. (2d) 263, 124 P. (2d) 950, 142 A. L. R. 1.

The act provides that all persons shall be made parties to an action for declaratory relief "who have or claim any interest which would be affected by the declaration. * * *" Section 10-2008, Code of 1962. It is apparent that Commercial and Johnson have an interest in the controversy between Guimarin and Kahn. The declaration which Guimarin primarily seeks would exonerate them, while a contrary declaration might result in their being called upon for indemnity.

By the terms of the act, this interest seems to justify and require the presence of Commercial and Johnson as defendants, and to be sufficient ground for overruling the demurrer for insufficiency of facts. However, *Town of Manchester v. Town of Townshend,* 109 Vt. 65, 192 A. 22, 110 A. L. R. 811, is cited to the point that it is impermissible to bring a

declaratory action for the purpose of determining which of several defendants is liable to plaintiff, where it is admitted that a recovery can be had against only one. In that case the Town of Manchester sought a declaration as to which of three towns was responsible for the support of a pauper. This turned upon an issue as to the pauper's past residence. In sustaining a demurrer for misjoinder of parties defendant, the court correctly recognized the problem to be whether the defendants could be joined by the terms of the Declaratory Judgments Act but apparently · reached its decision on principles of equity pleading, giving no weight to the statute. Powers, C. J., wrote a strong and colorful dissent, which we find persuasive that there was no misjoinder. This view has been advanced by law writers and by other courts as conforming to the terms and spirit of this remedial statute. Borchard, Declaratory Judgments, 261 (2d ed. 1941) ; Anderson, Declaratory Judgments, Section 172 (2d ed. 1951) ; *United States Guarantee Co. v. Harrison & Owen Produce Co.,* 240 Ala. 186, 198 So. 240; *McCabe v. Hartford Acc. & Indem. Co.,* 90 N. H. 80, 4 A. (2d) 661; *Lawrence v. American Sur. Co.,* 263 Mich. 586, 249 N. W. 3, 88 A. L. R. 535; *Town Board of Town of Greece v. Murray,* 130 Misc. 55, 223 N. Y. S. 606.

We adhere to the view that Commercial and Johnson have such an interest in the declaration sought by Guimarin against Kahn that, by the terms of Section 10-2008, *supra,* they were required to be joined as defendants. Therefore, their demurrers to the complaint for insufficiency of facts were properly overruled.

Our satisfaction with the conclusion reached is additionally fortified by the following decisions, which sustained actions for declaratory judgment to settle the respective rights and liabilities of all parties, which arose out of separate but related contracts: *Alfred E. Joy Co. v. New Amsterdam Cas. Co.,* 98 Conn. 794, 120 A. 684; *Holly Sugar Corp. v. Fritzler,* 42 Wyo. 446, 296 P. 206; *Webb-*

*Boone Paving Co. v. State Highway Comm'n.,* 351 Mo. 922, 173 S. W. (2d) 580.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting J., concur.

