21583

CHARLESTON COUNTY SCHOOL DISTRICT, Appellant, v. William
O. THOMAS, Jr., Charleston County Treasurer, Respondent.

(283 S. E. (2d) 441)

*Augustine T. Smythe, of Buist, Moore, Smythe & McGee,*
Charleston, *for appellant.*

*Ben Scott Whaley, James L. Bridges* and *Leonard L. Long, Jr.,* Charleston, *for respondent.*

October 7, 1981.

*Per Curiam:*

Appellant initiated this declaratory judgment action by filing a complaint challenging the constitutionality of Act No. 853 of 1958.[1] After hearing reciprocal motions for summary judgment, the lower court dismissed the action finding there was no justiciable controversy because appellent had suffered no injury and therefore lacked standing. We disagree and reverse.

Appellant seeks to have the interest from the investment of school district funds credited to the school district account instead of the Sinking Fund of Charleston County.[2] By authorization of the Act, the county treasurer is effectively depriving the school district of any interest from the investment of school funds. It is our opinion that this deprivation injures appellant and appellant has standing to raise this issue. 67A C. J. S. *Parties* § 12 (1978). A justiciable issue is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character. *Guimarin and Doan, Inc. v. Georgetown Textile and Manufacturing Co.,* 249 S. C. 561, 155 S. E. (2d) 618 (1967). We find that appellant's complaint raises a justiciable issue. We now consider the substantive issue of the constitutionality of the challenged Act.

The Act authorizes the county treasurer of Charleston County to invest any sum of money not necessary for current expenses and to credit the interest earned on

[1] Section 1 of Act No. 853 provides:
The County Treasurer of Charleston County is hereby authorized to invest any sum of money not necessary for current expenses or which will apparently not be demanded for six months or more in Ninety-day Treasury Bills of the United States of America, or in securities of other governmental agencies of the United States of America; *provided,* however, that no maturity shall be for a longer period than one year from date of purchase, and he is further authorized to credit all interest received from these investments to the Sinking Fund of the Charleston County Bond Account.

[2] Estimates of the value of this interest range from five hundred thousand ($500,000.00) dollars to one million ($1,000,000.00) dollars.

that money to the Sinking Fund of the Charleston County Bond Account. Section 12-45-220, S. C. Code of Laws (1976), is a general statute providing that any county treasurer may invest funds not necessary for current expenses in specified securities and investments. This statute further directs that "the interest, when collected, shall be added to the fund and paid out as other funds of the same sort are paid." The South Carolina Constitution prohibits the enactment of special laws in all cases where a general law can be made applicable. Article III, Section 34, Subdivision IX.

The Court in considering the scope of Article III, Section 34, Subdivision IX, has stated:

The clear intention of the framers of the Constitution of 1895 was by section 34 of article 3, to prohibit the enactment of special laws in all cases where a general law can be made applicable. In addition, it was desired to expressly prohibit special laws on certain named subjects. This intention was effectuated by naming the expressly prohibited subjects, and then providing that in all other cases no special law should be passed if a general law could be made applicable. The words "in all other cases" were not intended to limit the scope of subsection 9, but rather to extend the scope of section 34 as to include any subject on which a general law can be made applicable.

*Sally v. McCoy*, 182 S. C. 249, S. E. 196 (1936).

In this instance a general law, Section 12-45-220, is expressly applicable. The challenged Act plainly violates the constitutional prohibition on special laws. *Cf., McElveen v. Stokes*, 240 S. C. 1, 124 S. E. (2d) 592 (1962). Because we are convinced that the Act is clearly unconstitutional, it is unnecessary to pass upon appellant's remaining contentions.

It is therefore ordered that the decision of the lower court be reversed. It is further ordered that respondent transfer to the school district account all interest accrued on the investment of school district funds from the date of the filing of this action in the lower court.