DAY ET AL., PARTNERS UNDER THE FIRM NAME OF J. G. & I. N. DAY, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 43.   Argued November 13, 1917.—Decided November 26, 1917.

Modern tendencies to depart from the strict letter in discovering intent do not alter the principle that, within the scope of his undertaking, a party contracting assumes the risks of intervening obstacles.

A contractor agreed with the United States to furnish, at specified rates, such labor and material in place as might be necessary to complete a canal and locks, already built in part, the total payment not to exceed a sum fixed in acts of Congress authorizing the contract. The Government had erected a bulkhead, deemed of sufficient height, to safeguard the work from river floods; the contract, however, did not guarantee protection, referring to freshets, and other natural causes, merely as grounds for time extension.   The contractor had been required to base his proposal upon personal investigation, and the specifications provided that he should be held responsible, without expense to the Government, for the preservation and good condition of the work already in place, and that to be added from time to time under the contract, until the contract should be terminated or the whole work turned over in a completed condition as required.   To protect the work from an extraordinary flood which exceeded the bulkhead, the contractor necessarily expended work and materials in building new structures, for which he sought reimbursement in the Court of Claims.   *Held,* that the contract was for the completion of the works and that the cost of protecting them from floods in the meantime was within the contractor's undertaking.

48 Ct. Clms. 128; 50 *id.* 421, affirmed.

THE case is stated in the opinion.

*Mr. Benjamin Carter,* with whom *Mr. Frank Carter Pope* was on the briefs, for appellants.

*Mr. Assistant Attorney General Thompson* for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by a contractor to recover for work and material furnished to build a bulkhead and temporary dams in order to protect a canal and locks at the cascades of the Columbia River against an extraordinary flood. The facts of the case are simple. An Act of Congress of July 13, 1892, c. 158, 27 Stat. 109, appropriated $326,250 for continuing an improvement at the cascades that had been under way for a number of years, and authorized a contract for completing it, to be paid for as subsequent further appropriations, not exceeding $1,419,250, should be made. On December 27, 1892, the claimants made a contract to "furnish such labor and material in place," etc., "as may be necessary to complete" the canal and locks, at certain rates, the total of all payments not to exceed $1,745,500, the amount of the two just-mentioned sums. The contractor was required in the usual way to base his proposal upon his personal investigation and the specifications provided in reiterated words that the contractor would "be held responsible, without expense to the government, for the preservation and good condition of all the work now in place, and such as he may, from time to time, under this contract put in place, until the termination of the contract, or until the whole work is turned over to the government in a completed condition, as required."

The Government had built a bulkhead to protect the

work, 142 feet high, which was the height of the projected work and was supposed to be high enough for floods, but in May and June, 1894, the flood in question rose three feet above it, necessitating the extra work now sued for, and leading to a change in the project so as to add six feet to the height of the protecting dam. The Government, however, had not guaranteed that the bulkhead should be sufficient or that it would protect the work while going on. On the contrary the contract contemplated, in terms, that the contractor might be prevented from commencing or completing the work by freshets or other forces or violence of the elements and provided in that event that the representative of the United States might allow such additional time as in his judgment should be just and reasonable, but gave no other relief.

One who makes a contract never can be absolutely certain that he will be able to perform it when the time comes, and the very essence of it is that he takes the risk within the limits of his undertaking. The modern cases may have abated somewhat the absoluteness of the older ones in determining the scope of the undertaking by the literal meaning of the words alone. *The Kronprinzessin Cecilie*, 244 U. S. 12, 22. But when the scope of the undertaking is fixed, that is merely another way of saying that the contractor takes the risk of the obstacles to that extent. *Carnegie Steel Co.* v. *United States*, 240 U. S. 156, 164. *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540, 543, 544. There can be no doubt of the scope of the undertaking in this case. If the unqualified agreement to complete the work were not enough by itself, *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Hoyt*, 149 U. S. 1, 14, 15, the provisions to which we have referred would make it plain. Freshets were contemplated as possible but were not allowed to qualify the absoluteness of the contractor's promise, beyond the possibility that they might be considered in the discretion of the other party on the question

of time. It is impossible for us to say that if the flood had destroyed the work that the claimants had added and for which they had received nearly $300,000, they would have been excused under the contract from replacing what they had done.

It follows, without the need of referring to clauses in the contract excluding claims for extra work, that if the claimants put up temporary defences against the water, even though not bound to do so by the contract, they were doing what it was for their own interest and safety to do, and that in the absence of an actual contract to pay for it by the other party there is no ground for shifting the cost on to the United States. The arguments that are based by the claimants upon public documents outside of the record do not seem to us to raise a doubt that the construction adopted and conclusion reached by the Court of Claims were correct.

*Judgment affirmed.*