THE TOWN BOARD OF THE TOWN OF GREECE, Suing on Behalf of the Owners of Land Fronting on Certain Streets in Braddocks Heights Tract, and the TOWN OF GREECE, Plaintiffs, *v.* JOSEPH M. MURRAY and Others, Defendants.

Supreme Court, Monroe County, July 15, 1927.

Judgments — declaratory judgment — action may be maintained to determine rights of parties to highway construction contract and others affected by construction of highway — declaration of fact as well as law may be made under Civil Practice Act, § 473, and Rules of Civil Practice, rules 210–214, subject to right to jury trial.

An action seeking a declaratory judgment may be maintained by a town to have determined the rights and liabilities of the respective parties to a highway construction contract, and also the rights of the bondsman, and of others whose property will be affected by the construction of the highway.

Declarations of fact, as well as of law, may be made in a declaratory judgment, under section 473 of the Civil Practice Act, and rules 210–214 of the Rules of Civil Practice, and final judgment may be rendered upon all the rights and obligations involved in the issues presented subject to the constitutional right to a jury trial of questions of fact.

MOTION to dismiss complaint.

*James M. E. O'Grady,* for the defendant Murray, for the motion.

*George Y. Webster,* opposed.

RODENBECK, J. This action is in the form of a declaratory action in which the plaintiffs seek not only to have their respective liabilities determined, but the liability of the defendants to the plaintiffs and to one another. It is contended that the provisions of the practice relating to declaratory judgments do not apply. The plaintiff, The Town Board of the Town of Greece, made a contract with the defendant Joseph M. Murray for the improvement of certain highways in the town of Greece. The defendant Continental Casualty Company is a surety on his bond for the faithful performance of the contract. The defendant Flaherty is a subcontractor who makes a claim under the contract, and the defendants Wooden, Schell and Lum are water commissioners who

make a claim against the town of Greece for the cost of repairing and changing water service connections. The town of Greece has carried the improvement along by issuing interest-bearing obligations, and is anxious to have the rights of the parties determined so that it may levy assessments for the improvement and issue bonds therefor. The case involves the question of the liability of the town board of the town of Greece under the contract, and the rights of the several defendants. It is an omnibus action in which alone all the rights of the parties growing out of the contract can be determined, and, if the action can be maintained, it will save a multiplicity of actions at law to determine the rights of each of the parties. It seems to be a desirable proceeding and appears to be warranted by the practice.

The idea of a declaratory judgment was first officially suggested by the report of the Board of Statutory Consolidation to the Legislature in 1915, of which board John G. Milburn, Adelbert Moot and Charles C. Collin were members at that time, William B. Hornblower having died. The idea was borrowed from the English practice. (Order 25, rule 5; Order 54A, rule 1.) The practice, under the English rules, was confined to the determination of any construction arising under a deed, will or other written instrument (Order 54A, rule 1), but the provisions under our practice are much broader. (Civ. Prac. Act, § 473.) This section of our Practice Act provides that the Supreme Court shall have the power " to declare rights and other legal relations  *  *  * whether or not further relief is or could be claimed." It will thus be seen that the declaration is not confined to the construction of a deed, will or other written instrument, as in the English practice, but is extended to any rights or other legal relations.

The Practice Act seems further to contemplate that there may be a declaration of fact as well as of law, and that executory rights may be determined. This extension of the English idea of declaratory judgments is evident from an examination of the rules designed to give effect to the provision in the Civil Practice Act. They provide that the action shall follow the forms and practice for other actions (rule 210); that the prayer for relief shall specify whether " further or consequential relief " is or could be claimed (rule 211), and that questions of fact necessary to be determined before judgment can be rendered may be sent to a jury for determination, and that the provisions of the Civil Practice Act relating to the trial of specific questions of fact shall apply to a verdict rendered by a jury (rule 213).

Thus it seems to be contemplated not only that questions of fact incidental to the construction of a written instrument may be

determined, but any questions of fact growing out of any of the rights and relations of the parties which the court is called upon to determine. It seems proper, therefore, under this practice to determine in this form of action which one of the plaintiffs is liable, if at all, and the extent of such liability, and the rights and liabilities of the defendants among themselves, so that the total expense of the improvement may be determined, the assessment levied, and the bonds issued as required by law.

Any abuse in the application of these provisions is fully protected by the guaranty of a jury trial under the Constitution, and the rule which provides that the court, in its discretion, may decline to pronounce a declaratory judgment in any case (rule 212).

The motion to dismiss is denied, and the parties are remanded to such further proceedings as the law prescribes.

So ordered.