## MARYLAND CASUALTY CO. v. NELLIS.
### No. 6669.

Circuit Court of Appeals, Sixth Circuit.

Jan. 18, 1935.

A. M. Streicher, of Toledo, Ohio (Streicher & Krueger, of Toledo, Ohio, on the brief), for appellant.

W. H. McLellan, Jr., of Toledo, Ohio (Samuel R. Harris, of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

This suit was brought upon a policy of accident insurance issued on behalf of Dr.

A. S. Byrne Nellis, of Dayton, Ohio, who died on January 25, 1923, while the policy was in force. Appellee, William L. Nellis, son of the insured, was the beneficiary.

The pertinent portion of the insuring clause indemnifies "against bodily injuries, herein called 'such injuries,' effected directly and independently of all other causes through External, Violent and Accidental means (suicide, sane or insane, not included) as follows * * *"

Under the heading "Special Coverings" is the following clause: "Subject to its terms, limits and conditions this Policy covers the Assured in event of death or disability due to freezing, hydrophobia, gas or poison (suicide, sane or insane, not included); *likewise in event of death or disability from blood poisoning due directly to a bodily injury sustained while this Policy is in force.*" (Italics ours.)

The policy also contained the following provisions: "15. *Written notice must be given to the Company* at Baltimore, Md., *or to the agent countersigning this Policy, as soon as may be reasonably possible, of any injury for which a claim is to be made, with full particulars thereof and full name and address of the Assured or beneficiary, as the case may be. Affirmative proof of death * * * must be furnished to the Company within two months from the time of death. * * * The Company shall not be liable in any suit to recover under this Policy unless the same shall be commenced within one year from the time of death. * * * Claims not brought in accordance with these requirements will be forfeited to the Company.*" (Italics ours.)

Dr. Nellis died from blood poisoning originating in a scratch upon his nose. Appellee, who lived in Detroit, was present at his father's death and knew the cause. On February 23, 1923, he was appointed administrator of the estate.

The undisputed facts are: Immediately upon being appointed administrator appellee went to Dayton and took from his father's safe in the home, and his safety box in the bank, all papers he considered of value. He found some life, fire, automobile, and fraternal insurance policies which were paid by the companies in due course. The insured had a wooden cabinet in his office. Appellee knew that it was his father's habit to keep papers such as prescription blanks, stationery, and letters therein but he did not search it. Appellee leased the office and furniture to another physician and requested an uncle to ship the insured's household furniture and other effects to him at Detroit. In the shipment the uncle sent a carton which contained the contents of the cabinet and which was marked "Miscellaneous." Appellee stored this carton in the attic where it remained until December 17, 1925, when it was opened by chance and its contents examined by him. He found in it the policy sued on, together with canceled premium checks and a renewal certificate extending it from July 1, 1922, to July 1, 1923. These papers were folded together in an envelope upon which was indorsed in the insured's handwriting, "Accident insurance paid to July 1, 1923." This was the first knowledge appellee had of the provisions of the policy and that he was the beneficiary. However, on August 7, 1923, he as administrator had received a letter from the general agents of appellant referring to this policy as "Personal Accident Policy Y-231072, Dr. A. S. B. Nellis," and calling attention to the renewal certificate expiring July 1, 1923, and advising that if appellee would return it the company would allow a rebate on the premium.

Upon receipt of this letter appellee made an ineffectual search for the policy, but did not suggest to appellant that both the policy and the renewal certificate were lost, nor did he make any effort to procure the return of the unearned portion of the premium. Upon finding the policy in December, 1925, in accordance with its provisions he made claim, which was rejected upon the ground that it was filed too late. Suit was commenced on October 26, 1929.

These facts appear in the evidence and with the exception of the incident of the receipt of the letter of August 7, 1923, are substantially set forth in the petition.

A demurrer upon the grounds, (1) that the action was not brought within the time limited by the policy, and (2) that the petition did not show a cause of action, was overruled. Appellant assigned errors, first, upon the overruling of the demurrer; second, the denial of a directed verdict; and third, the charge.

The charge is not reviewable because the exception to it was general. Rule 10, clause 2.

The point of the demurrer and of the motion for a verdict was that the provisions of clause 15 of the policy had not been complied with, that the claim had therefore become forfeited, and that no liability existed.

Appellee insists that the written notice given in December, 1925, when he became aware of his rights, was sufficient; that it was given as soon as possible under the circumstances; and that to avoid inconsistency, the two-month period from the time of death within which affirmative proof of death must be furnished, and the one-year period within which suit shall be commenced, should each be construed to begin in December 1925; otherwise the claim would be forfeited before the expiration of the time provided for the performance of the conditions had expired.

A consideration of the conditions with respect to the giving of written notice and the filing of suit is not required. The condition that *proof of death must be furnished to the company within two months from the time of death* is definite. The terms used are simple and they must be taken and understood in their ordinary sense. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 492, 52 S. Ct. 230, 76 L. Ed. 416. It is uniformly held that such a provision is reasonable and intended for the protection of the insurer. The insured agreed that it would be observed and that a claim not brought in accordance with it would be forfeited.

We have held with federal courts generally that compliance with such a provision of a policy is a condition precedent to the enforcement of the policy. Maryland Cas. Co. v. Massey, 38 F.(2d) 724, 726, 71 A. L. R. 1428 (C. C. A. 6). See, also, Riddlesbarger v. Hartford F. Ins. Co., 7 Wall. 386, 391, 19 L. Ed. 257; Atlantic Life Ins. Co. v. Vaughan, 71 F.(2d) 394, 396 (C. C. A. 6); National City Bank v. National Security Co., 58 F.(2d) 7, 8 (C. C. A. 6); Niagara Fire Ins. Co. v. Pospisil, 52 F.(2d) 709, 711, 79 A. L. R. 404 (C. C. A. 8); Metropolitan Cas. Ins. Co. v. Johnston, 247 F. 65, 7 A. L. R. 175 (C. C. A. 3); Wachovia Bank & Tr. Co. v. Independence Indemnity Co., 37 F. (2d) 550, 552 (C. C. A. 4).

Appellee cites state court decisions to the contrary, but the question is one of general commercial law to be determined by federal courts in the exercise of their own judgment. Carpenter v. Providence Washington Ins. Co., 16 Pet. 495, 511, 10 L. Ed. 1044; National City Bank v. National Sec. Co., supra; Long v. Monarch Acc. Ins. Co., 30 F.(2d) 929, 930 (C. C. A. 4).

We are not authorized to add to the unambiguous terms of the condition a saving clause which the parties have themselves omitted. Bergholm v. Peoria Life Ins. Co., supra. Proof of death was not furnished in accordance with this requirement of the policy and the demurrer therefore should have been sustained or upon the trial a directed verdict for appellant should have been granted.

It is argued that the provision of the contract was waived by a letter of December 30, 1925, denying liability on the ground that notice was not given in accordance with the terms of the policy. When the letter was written, the time for furnishing proof of death had long expired, in view of which the letter could not operate as a waiver or an estoppel. National City Bank v. National Sec. Co., supra.

If the insured in his lifetime failed to apprise the beneficiary of the existence and location of the policy and thereby prevented timely proof of death, he took the risk. See Day v. U. S., 245 U. S. 159, 161, 38 S. Ct. 57, 62 L. Ed. 219; Dermott v. Jones, 2 Wall. 1, 8, 17 L. Ed. 762.

Judgment reversed.