CAMERON, JOYCE & COMPANY, a Corporation, Appellant, v. THE STATE HIGHWAY COMMISSION.—No. 38145.—166 S. W. (2d) 458.

Division One, November 10, 1942.

As Modified on Denial of Rehearing, December 1, 1942.

*Rendlen & White,* and *Irwin, Bushman & Buchanan* for appellant.

*Raymond G. Barnett* and *Ralph M. Eubanks* for respondent.

GANTT, J.—Action to recover $8535.50 on the first count and $7255.28 on the second count. Plaintiff construction company claims the defendant Highway Commission owes it said sums as balances due on its construction of 3.421 miles of highway in St. Louis County, extending eastwardly from Mason Road.

At the close of the evidence for plaintiff, the court directed a verdict for the defendant on both counts of the petition. Thereupon the company suffered an involuntary nonsuit upon each count with leave to move. In due course the motion to set aside the nonsuit was overruled. On final judgment for the commission, the company appealed.

The construction of the pavement above mentioned was a federal aid project. The minimum wages to be paid in constructing such a project must be approved by the federal authorities. The commission and federal authorities in fixing minimum wages for highway construction in Jackson County, Buchanan County and in St. Louis and St. Louis County, give consideration to union labor conditions

existing in said localities. In Jackson County the commission lists the minimum wages on pink sheets; in Buchanan County on blue sheets; and in St. Louis and St. Louis County on yellow sheets.

There was testimony tending to show that long prior to the execution of the contract in question the commission and certain labor leaders in St. Louis and St. Louis County had conferences and correspondence with reference to wages to be paid for highway construction. As a result of said conferences and correspondence, the commission made efforts from time to time to follow the prevailing scale in fixing minimum wages for said localities.

At some time prior to September 10, 1937, the commission mailed notices to construction companies, including the plaintiff, that on September 10, 1937, it would receive sealed bids for the construction of the above mentioned highway. Enclosed with the invitations to bidders were proposal forms, plans and specifications, contract forms, contract bond forms and three yellow sheets on which were listed minimum highway construction wages paid in said localities on January 30, 1937.

In due time the company filed with the commission a bid to pave the above mentioned highway for $236,290.69. Enclosed with the bid was the company's certified check for $12,000 payable to the State Highway Department Fund, guaranteeing its execution of a contract and bond, if awarded the contract. The company was the successful bidder. On September 18, 1937, it executed the usual contract and bond, and in due course paved the highway. On or about October 6, 1937, the commission accepted the paving as a compliance with the contract. In constructing the pavement, the company was compelled to pay $8535.50 more for wages than the listed minimum wages on the yellow sheets.

In the first count the company seeks to recover on the theory that the commission impliedly warranted that the minimum wages on the yellow sheets were the prevailing rates to be paid for labor in constructing a highway in St. Louis County. The heading on the yellow sheets follows:

"REVISED 1-30-37. SUPPLEMENTARY LIST SHOWING MINIMUM WAGE SCALES TO BE ON THIS CONTRACT FOR THE VARIOUS CLASSIFICATIONS OF LABOR.

"(The scales specified below are minimum rates only. The payment of higher rates may be necessary to secure adequate and necessary labor.)"

The company argues that this heading was a representation to bidders that the list of wages on the yellow sheets were, at the time the commission solicited bids, the prevailing wages for the construction of highways in St. Louis County. We do not think so. On the contrary the heading notifies bidders that the list on the yellow sheets is the minimum wage as of January 30, 1937. It also notifies bidders

that "the payment of higher rates may be necessary." Of course, the commission could not, on notice of a change in the prevailing scale, instantly change rates on the yellow sheets, for the same must be approved by the federal authorities. In the face of this unambiguous heading on the yellow sheets, officials of the company testified that they relied on the statement in the heading as a representation that the wages listed on the yellow sheets were the prevailing wages at the time they bid for the construction. They point to no word in the heading authorizing them to do so. As stated, there is no ambiguity in the heading. It was notice to the company that minimum wages at the time bids were solicited may have been changed after the revision of the list on January 30, 1937. There can be no implied warranty contrary to the terms of the contract. The rule follows:

" 'There can be no implied covenants in a contract in relation to any matter that is specifically covered by the written terms of the contract itself.' 12 Am. Jur. 769, sec. 239 and cases cited. 'There can be no implication as against the express terms of the contract.' [17 C. J. S., Contracts, 780, sec. 328.]" [Sandy Hites Co. v. State Highway Comm., 347 Mo. 954, 149 S. W. (2d) 828, l. c. 834.]

In this connection the company directs attention to settlements the commission made with contractors under identical or similar facts. It argues that the commission in making said settlements construed the heading on the yellow sheets as an implied warranty with reference to wages. Of course, an administrative construction may be considered. Even so, such a construction cannot be followed if contrary to law. The commission may have changed its construction of the heading on the yellow sheets on reading the opinion in Sandy Hites Co. v. State Highway Comm., supra.

Furthermore, the contract also provided as follows:

"The contractor agrees that he is fully informed regarding all of the conditions affecting the work to be done, and labor . . . to be furnished for the completion of this contract, and that his information was secured by personal investigation and research and not from any estimates of the Missouri State Highway Department; and that he will make no claim against the Commission by reason of estimates, tests, or representations of any officer, agent, or employee of the Commission."

It is admitted that the officials of the company knew of this provision in the contract prior to the time the company considered and determined the amount it would bid for the construction.

On consideration of a similar provision in a construction contract, we ruled as follows:

"The further statement of the contract that 'the classification of materials shown on the plans, while believed to be substantially correct, shall not form the basis of any claims by the contractor in case

the materials encountered prove to be different from the interpretation given on the plans,' defeats the plaintiff's claim in this respect. The plaintiff was under no obligation to make a bid for doing this work, and, if the plans and specifications and the sources of information referred to were so deficient or inadequate that it, could not make an intelligent bid and contract, it should have refrained from doing so." [United Construction Co. v. City of St. Louis, 334 Mo. 1006, 69 S. W. (2d) 639, 1. c. 643.]

On the question the company cites cases as follows: City of Lima, Ohio, v. Farley, 7 Fed. (2d) 40—6th C. C. A.; Hollerbach v. United States, 233 U. S. 165, 34 S. Ct. 553, 58 L. Ed. 898; Faber v. City of New York, 222 N. Y. 255, 118 N. E. 609; Christie v. United States, 237 U. S. 234, 35 S. Ct. 565, 59 L. Ed. 933, 1. c. 935-6; Montrose Contracting Co. v. County of Winchester, 80 Fed. (2d) 841, 842-3; Judd v. Walker, 215 Mo. 1. c. 331, 332, et seq., 114 S. W. 979; United States v. Smith, 256 U. S. 11, 41 S. Ct. 413, 65 L. Ed. 808; Schaper v. Smith, 56 S. W. (2d) 820, and cases cited; Restatement of Law of Contracts, Vol II, Sec. 488, p. 931; Higgins v. Breen, 9 Mo. 497.

In soliciting bids in the first ten cases cited by the company, positive misrepresentations with reference to the construction were made to the bidders. All of said cases were considered and distinguished in Sandy Hites Co. v. Comm., supra, 1. c. 834, except Christie v. United States, 237 U. S. 234, which case is similar to the cases there considered.

In substance, the Missouri cases cited and the citation from Restatement of the Law of Contracts rule that "where property is acquired, or benefits accrue, then an action lies for the value of the property acquired or the advantage given through the breach ·of duty." This rule is without application to the facts of the instant case. The trial court correctly ruled the first count of the petition.

In the second count the company seeks to recover the $7255.28, which is three per cent of the money paid by the commission to the company from time to time as the work of construction progressed. The three per cent was retained under a provision of the contract which provided, among other things, that the company would not be entitled to said money until it delivered to the commission a receipt in full of all claims the company might have against the commission on account of the construction of the pavement.

The company contends that this provision of the contract is contrary to public policy and therefore unenforceable. The rule is stated as follows:

"A person cannot contract beforehand, under penalty of forfeiture, that he will not litigate a claim that may thereafter arise. As it is the policy of the law to furnish everyone with legal remedies for any injuries received, an agreement which essentially imposes a penalty for seeking such legal remedy is contrary to that policy." [Vol. 12,

Am. Jur., p. 683; Vol. 17, C. J. S., p. 603; Brucker v. Georgia Cas. Co., 326 Mo. 856, l. c. 866, 32 S. W. (2d) 1088.] Under the rule the company is entitled to judgment on the second count.

The judgment on the first count should be affirmed, and the judgment on the second count should be reversed and the cause remanded with directions to enter judgment in favor of the company for $7255.28 with interest thereon from Nov. 26, 1938, the date of plaintiff's demand for payment of said sum. It is so ordered. All concur except *Hays, J.,* absent.