WEBB-BOONE PAVING COMPANY, a Corporation, v. STATE HIGHWAY COMMISSION OF MISSOURI, Appellant, ANTHONY MCNAMEE and OLIVER MCNAMEE, Partners Doing Business under the Firm Name of MCNAMEE BROTHERS.—No. 38297.—173 S. W. (2d) 580.

Division Two, June 7, 1943.

Motion to Clarify and Modify Opinion Sustained in Part and Opinion Modified, October 4, 1943.

*Raymond G. Barnett* and *Ralph M. Eubanks* for appellant.

*Igoe, Carroll, Keefe & Coburn, Ragland, Otto & Potter* and *James E. Carroll* for respondent.

924

BOHLING, C.—The Webb-Boone Paving Company, a corporation, holding the primary contract, instituted this declaratory judgment action against the State Highway Commission of Missouri (hereinafter sometimes designated Commission) and Anthony McNamee and Oliver McNamee, partners engaged in business under the name of McNamee Brothers, the subcontractor, for a judgment declaring the rights of said subcontractor, if any, against plaintiff and of plaintiff, if any, against the Commission. Ch. 6, Art. 14, Secs. 1126-1140, R. S. 1939. The amount involved is asserted to be $9,663.06. The judgment declared the rights in favor of plaintiff and defendants McNamee Brothers and adverse to the State Highway Commission. The Commission appealed. McNamee Brothers seek to dismiss the appeal. The Commission questions plaintiff's right to a declaratory judgment under the pleadings and also contends the declaration, on the merits, should have been in its favor.

The Webb-Boone Paving Company and the State Highway Commission, on or about November 16, 1934, entered into a contract for certain highway construction work, known as project N R M—475 C2, Route 40, St. Louis City. Plaintiff subcontracted the grading and filling to McNamee Brothers. When, according to the petition (and the record), McNamee Brothers entered upon actual construction work they soon first discovered, a short distance below the surface

of the ground, materials, objects and obstructions not shown on the proposal form, plans and specifications, to wit, poles or piling and upright timbers with many steel cables, supports, and other appurtenances attached thereto, of an abandoned railway trestle, and bases for trolley poles and car track concrete foundations. This hindered, delayed, and interfered with the McNamee Brothers' performance of their contract and resulted in their expending $9,663.06 (alleged to be a reasonable amount), in completing the work over and above that which they would have had to expend had not the aforesaid subsurface structures been encounted. McNamee Brothers made demand upon the Commission and plaintiff for payment. The Commission refused payment. Plaintiff thereupon instituted this action for a declaratory judgment, joining the Commission and McNamee Brothers as defendants, on the theory that if plaintiff be liable to McNamee Brothers by reason of the warranties contained in the proposal form, plans and specifications of the Commission, adopted by reference in the contract between plaintiff and said McNamee Brothers, then plaintiff was entitled to be reimbursed for any such damages by the Commission by reason of the warranties contained in the proposal form, plans and specifications of the Commission forming part of the contract between plaintiff and the Commission, and on the theory that if the Commission be liable directly to McNamee Brothers by reason of the premises aforesaid, then plaintiff should not be harassed or put to the expense of defending a suit by McNamee Brothers.

The court adjudged and declared that the State Highway Commission was liable to plaintiff and plaintiff, in turn, was liable to McNamee Brothers by reason of the premises aforesaid; and that, upon the filing of a proper petition etc., evidence be [582] adduced to the end that reasonable compensation and profits be adjudged to McNamee Brothers. The material provisions of the judgment are set out in the foot note.*

---

*"This cause having come on to be heard . . .

"It is ordered, adjudged, decreed and declared that upon the pleadings and the facts in evidence it is the finding and judgment of the Court, and the Court does declare, that the plaintiff has and can maintain a cause of action upon the pleadings and evidence adduced herein against the defendant State Highway Commission of Missouri; that under the pleadings and the evidence herein the defendant State Highway Commission is liable to the plaintiff for such sum of money as may be found will compensate the defendants McNamee Brothers for any additional cost to McNamee Brothers for removing the sub-surface structures described in the evidence, and any additional cost, over their bid price, to said defendants McNamee Brothers of roadway excavation, Class A, as defined in plaintiff's Exhibit A, plus a reasonable profit on these items;

"It is further ordered, adjudged and decreed that upon the filing of a proper petition for that purpose by plaintiff and at a time to be fixed by this Court, evidence be adduced by the parties, to the end that it may be found and adjudged what, if any, sum of money will reasonably compensate and give a reasonable profit to said defendants McNamee Brothers for

McNamee Brothers'· motion to dismiss is on the theory (a) that the Commission's appeal· was premature because no final judgment had· been entered, and (b) that the appeal does not involve $7,500 or any other amount. The motion is overruled; because:

(a). The title of the Missouri declaratory judgment act reads: "An act authorizing and empowering the circuit courts of this state to ·declare rights, status, and other legal' relations, by declaratory judgments and decrees, and· repealing all conflicting laws." Laws 1935, p. 218. Section 1 provides that circuit courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. . . .' and such declarations shall have the force and effect of a final judgment or decree." Sec. 1126, R. S. ·1939. And, Sec. 7 provides: "All orders, judgments and decrees under this act may be reviewed as other orders, judgments and· decrees." Sec. 1132, R. S: 1939. As indicated above, plaintiff's petition sought a declaration of the rights, status, legal relations and liabilities of the parties plaintiff and defendant. The scope of the relief sought was not broadened to include curative or coercive relief by any subsequent pleading. This is also shown by the paragraph of the declaratory judgment adjudging that, upon plaintiff filing a proper petition etc., evidence would be heard that it might be adjudged what, if any, moneys were due from the Commission. Said adjudication is justified, if proper, only by Sec. 8 of the act, reading: "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." Sec. 1133, R. S. 1939. The declarations on the issues within the pleadings (see Sec. 1127) constituted the "declaratory judgment or decree" mentioned in Secs. 1126 and 1133 and sought by the litigants and, under Sec. 1126, explicitly "had the force and effect of a final judgment or decree." Under Sec. 1184, R. S. 1939, appeals may be properly taken from "final judgments." If (without so holding) the authority and power "to declare rights, status and other legal relations by declaratory judgments and decrees" embrace an adjudication of the amount of money due as further relief within Sec. 1133, the mention of the right to such further relief was incidental to the declaratory judgment before us, disposing of all the issues presented by the pleadings, and did not prevent the judgment becoming a "final judgment or decree" within Sec. 1126. It follows that an appeal is authorized by statute from the instant judgment.

(b). A failure of this record to establish more than $7,500 to be involved might be a ground for transferring the cause to the proper

---

removing sub-surface structures described in the evidence and for the additional cost, if any, over their bid price, of excavating by them of Class A roadway excavation;

"It is further ordered, adjudged, decreed and declared that the plaintiff is liable to the defendants Anthony McNamee and Oliver McNamee, doing business as McNamee Brothers, in a sum of money equal to the sum in which defendant State Highway Commission may be found and adjudged liable to· the plaintiff; . . ."

court of appeals; but would not be a ground for dismissing this [583] appeal. Plaintiff's petition laid movant's damages at $9,663.06. Movant's pleading nisi admitted, did not deny, this allegation and we find no showing contra of record. Under State ex rel. v. Reynolds, 275 Mo. 113, 121, 128, 204 S. W. 1093, 1095[1, 11]; Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 356, 372, 383, 4 S. W. (2d) 776, 783[2, 3, 12, 13, 14, 19, 20], the review is in this court.

The Commission contends that where, as here, the pleadings show a matured cause of action, legal or equitable, relief by way of declaratory judgment does not lie as our code contemplates a final determination of disputes in one action and, further, courts should not be required to function as attorneys in advising litigants of their rights or obligations. Upon the issue stated the cases appear not to be in accord, some holding the uniform declaratory judgment act affords and others holding it does not afford a substitute or alternative mode of relief in instances wherein all the constitutive elements of a matured cause of action are in existence. Consult Borchard, Declaratory Judgments (1941 Ed.), p. 315, Ch. VI, "An Alternative Remedy"; Anderson, Declaratory Judgments (1940 Ed.), p. 183, Secs. 68, 69; 132 A. L. R. 1114, 1120; 114 A. L. R. 1367; 87 A. L. R. 1212, 1219, and annotations referred to; 9 Uniform Laws Annotated (1942 Ed.), p. 215, Declaratory Judgments Act. Annotations to Secs. 1, 6, 1 C. J. S., p. 1022, Sec. 18, d, (3), p. 1027, (8); 16 Am. Jur., p. 286, Secs. 13, 14. Liberty Mut. Ins. Co. v. Jones (Banc), 344 Mo. 932, 954[1], 130 S. W. (2d) 945, 953[1], 125 A. L. R. 1149, declared the rights of the litigants but also remarked: "This new remedy cannot be made a substitute for all existing remedies, and should be used with caution." Some observations arguendo in State ex rel. v. Terte (Div. II), 345 Mo. 95, 131 S. W. (2d) 587, may be broader than essential to a determination of the issues presented. A portion of Sec. 1 of the Act (Sec. 1126, R. S. 1939) is usually stressed to show the act affords an alternative remedy, optional with the petitioner, that is, rights, status, and legal relations may be declared ". . . whether or not further relief is or could be claimed." It is made clear by Sec. 6 of the Act (Sec. 1131, R. S. 1939) that the court may exercise its discretion and refuse declaratory relief in instances wherein the declaration "would not terminate the uncertainty or controversy giving rise to the proceeding," irrespective of whether the right to alternative relief otherwise be within the title and provisions of the Missouri Act. The provision of Sec. 1 of the Act that courts "shall have power" to declare rights does not command action. It harmonizes with Sec. 6.

The cases relied upon by the Commission do not necessarily establish error in the circumstances before us as the factual situations differ. The positions of plaintiffs and defendants in ordinary proceedings may be the reverse of their positions under the declaratory judgment act. In ordinary proceedings plaintiffs are usually free to choose the

time for the institution of their action or suit, whereas defendants usually have to await that event. The act may afford the usual defendant protection against delay in proper instances. Peterson v. Central Arizona L. & P. Co., 56 Ariz. 231, 107 Pac. (2d) 205, 208[4]. As between McNamee Brothers and Webb-Boone Paving Company the latter would be the defendant in an ordinary proceeding and, if McNamee Brothers prevailed, in turn would become the plaintiff in a proceeding against the Commission, each separate proceeding embracing relief within the relief sought in the instant declaratory proceeding. Alfred E. Joy Co., Inc., v. New Amsterdam Casualty Co., 98 Conn. 794, 120 Atl. 684, 687[4], appears to be in point. Joy Company contracted to paint a Grace Hospital Society building for $10,995. It subcontracted the painting to one Hawley for $10,000. The subcontract authorized Joy Company to complete the work under certain contingencies and, in such event, to deduct the expense incurred from moneys due or to become due Hawley, with Hawley also agreeing to pay any expense so incurred in excess of moneys due him as well as any liens arising out of his default. The New Amsterdam Casualty Company entered into a surety bond on behalf of Hawley to the Joy Company. Hawley defaulted. Joy Company completed the painting. Two lien claims, aggregating $1670, were filed. The Hospital Society refused to pay Joy Company a balance of $1,890 and Hawley and his surety refused to discharge or take action with respect to the lien claims. Joy Company's action for a declaration of the rights between itself, Hawley and his surety, the lienors and the Hospital Society was upheld. [584] The declaration of the rights of the Joy Company against the Hospital Society was contingent upon the declaration of the rights of the lienors, and against Hawley's surety was contingent upon the rights of said lienors and Joy Company's rights against Hawley. The instant plaintiff seeks a declaration of the rights of McNamee Brothers, if any, against it and then, consequent upon such determination, its rights, if any, against the Commission. If, as charged in plaintiff's petition, the rights arise out of an interrelated transaction and are interdependent, the proceeding under the declaratory judgment Act may settle the rights of the several parties to the transactions and avoid the necessity of separate suits. See also Town Board, Town of Greece v. Murray, 130 Misc. 55, 223 N. Y. S. 606; Johnson v. Mortenson, 110 Conn. 221, 147 Atl. 705, 709[8]; Holly Sugar Corp. v. Fritzler, 42 Wyo. 446, 296 Pac. 206, 212[7-10]; Lawrence v. American Surety Co., 263 Mich. 586, 249 N. W. 3, 10[29]. Also, we are of opinion the reasoning is applicable here of cases holding that the Act may be invoked to declare the rights of an insurer and an insured with respect to whether a policy of insurance protects the insured against liability to a third person. Farm Bureau Mut. Auto. Ins. Co. v. Daniel, 92 Fed. (2d) 838; Associated Indemnity Corp. v. Manning, 92 Fed. (2d) 169; Consult: Aetna Life Ins. Co. v. Haworth, 300 U. S. 227, 242, 57 S.

Ct. 461, 81 L. Ed. 617, 108 A. L. R. 1000. Cases holding that a declaratory judgment action is not available where a common law cause of action exists do not disclose error in the ruling nisi.

The substance of the case on the merits follows. The Commission contends there was no fraud, no misrepresentations and no implied warranty that subsurface structures would not be encountered. Webb-Boone contends that from the Commission's plans, profile sheets, cross section sheets, and proposal forms or bid sheets there was an implied warranty that subsurface structures would not be encountered and that compensation is allowable for extra work or expenses incurred by reason of conditions being other than as represented. The Commission has paid all moneys explicitly covered in the contract.

We might extend this opinion by reviewing a number of the many provisions of the highway construction contract but deem this unnecessary. There is no showing of any affirmative misrepresentation or fraud. Webb-Boone relies upon what it terms an implied warranty. Cases involving Federal contracts are stressed,* which cases, as stated in MacArthur Bros. Co. v. United States, 258 U. S. 6, 11, 12, 42 S. Ct. 225, 66 L. Ed. 433, ". . . all declare the principle that the government will be liable in the same circumstances that private individuals would be liable, but, necessarily, neither is liable if neither make misrepresentations." Public contracts entered into by the State Highway Commission for the construction of our highway system are not necessarily on the same footing as contracts between individuals. The argument advanced that: "It was the Commission's full duty to fully disclose all known conditions or conditions that could have been known by making a reasonable preliminary investigation" would tend to make the Commission, absent a legal contract, responsible for unexpected conditions encountered by contractors and liable in the nature of an insurer for the uniformity of all highway construction work. This is not the law. Although going off on another point, United States v. Spearin, 248 U. S. 132, 136, 39 S. Ct. 59, 63 L. Ed. 166, stated: "Where one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation because unforeseen difficulties are encountered." See also Simpson v. United States, 172 U. S. 372, 380, 19 S. Ct. 222, 43 L. Ed. 482; Day v. United States, 245 U. S. 159, 38 S. Ct. 57, 62 L. Ed. 219; MacArthur Brothers Co. v. United States, [585] supra;

---

*A number of the cases cited in support of the contention of Webb-Boone are distinguished in Sandy Hites Co. v. State Highway Comm., 347 Mo. 954, 965, 149 S. W. (2d) 828, 834[5], and Cameron, Joyce & Co. v. State Highway Comm., 350 Mo. 389, 166 S. W. (2d) 458, 461, pointing out that they were cases involving positive misrepresentations. In United States v. Atlantic Dredging Co., 253 U. S. 1, 43 S. Ct. 423, 64 L. Ed. 735, there was active deception in the suppression of known information material to bidders. In United States v. Utah, N. & C. Stage Co., 199 U. S. 414, 26 S. Ct. 69, 50 L. Ed. 255, the definite misrepresentation was that there were two postal stations involved whereas in truth there were four.

Maryland Casualty Co. v. Board of Water Com'rs, 43 Fed. (2d) 418, 423[6].

Examining the contract between Webb-Boone and the Commission, we find it embraces identical covenants with those in the contract considered in Sager v. State Highway Comm., 349 Mo. 341, 346[2-4], 160 S. W. (2d) 757, 759[3-5]. There counts 1, 4, and 5 sought additional compensation on account of certain borrow pits being full of hidden stumps, which increased and delayed the work and damaged the contractor's machinery; and count 8 sought additional compensation on the theory the plans were not correct in that certain excavation had to be accomplished by hand labor, teams and fresnos instead of by excavating machinery. The instant contract, among other things, provided: Bidders were required "to examine carefully the site of the proposed work, the proposal, plans . . . [et cetera] for the work contemplated" (B-5). (Webb-Boone's proposal stated such careful examination had been made, and the testimony was that Webb-Boone and McNamee Brothers examined the site.) The contract compensation was made "full payment . . . for all loss or damages arising out of the nature of the work, . . . or from any unforeseen difficulties or obstructions which may arise or be encountered during the prosecution of the work, and also for all risks of every description connected with the prosecution of the work until its final acceptance by the Engineer" (J-2). Webb-Boone, in its proposal, stated "The undersigned . . . declares . . . that he . . . will do all the work and furnish all the materials specified in the contract, in the manner and time therein prescribed, and in accordance with the requirements of the Engineer as therein set forth; and that he will accept in full payment therefor the amount of the grand total of the actual quantities, as finally determined, multiplied by the unit prices bid in the attached schedule." The instant contract carried other provisions, some of which are also set out in Sager v. State Highway Comm., supra. They need not be set out or repeated here. The foregoing suffices. " 'There can be no implied covenants in a contract in relation to any matter that is specifically covered by the written terms of the contract itself.' . . . 'There can be no implication as against the expressed terms of the contract.' " Sandy Hites Co. v. State Highway Comm., 347 Mo. 954, 149 S. W. (2d) 828, 834[3, 4]; Cameron, Joyce & Co. v. State Highway Comm., 350 Mo. 389, 166 S. W. (2d) 458, 460[2, 3]. Webb-Boone was under no obligation to make a bid. See United Construction Co. v. City of St. Louis, 334 Mo. 1006, 69 S. W. (2d) 639, 643. The Commission's contract indicated the manner of performance; but the Commission, having no knowledge of the obstacles to performance, made no misrepresentations of the conditions, or exaggeration of them, or concealment of them. The case is one of misfortune rather than one of misrepresentation. The contract left it to the bidder to satisfy himself as to the conditions attending the specifications of the roadway excavation without

any warranty, expressed or implied, on the part of the Commission as to the possible subsurface conditions. The work has been completed. The issue whether the contractor was obligated to remove the subsurface structures is not for determination. The case involves compensation for their removal and alleged damages occasioned by their existence. The contract divided the excavation into two classes—Class A and Class C. Class C covered specified materials. Class A included "all materials not included in the Class 'C' excavation."

The judgment nisi, which respondents seek to sustain, declared the Commission was liable "for any additional cost . . . for removing the subsurface structures . . . and any additional cost, over their bid price," to McNamee Brothers "of roadway excavation, Class A, . . . plus a reasonable profit on these items." With respect to extra or additional compensation in the circumstances, a public contract being involved, see Sandy Hites Co. v. State Highway Comm., 347 Mo. 954, 967[5], 149 S. W. (2d) 828, 835[7]; Sager v. State Highway Comm., 349 Mo. 341, 346[1], 160 S. W. (2d) 757, 759[1, 2]; Spitcaufsky v. State Highway Comm., 349 Mo. 117, 122[1, 2], 159 S. W. (2d) 647, 651[1, 2]; Secs. 8767, 8764, 8763, R. S. 1939; Sec. 48, Art. IV, Mo. Const. Consult, by way of analogy, cases like Mullins v. Kansas City, 268 Mo. 444, 188 S. W. 192.

The fact that the Commission's project engineer knew and approved of the contemplated use of the elevating grader method of excavation, which could not be [586] employed after discovering the subsurface structures, would not impose liability upon the Commission. The assistants and representatives of the Chief Engineer, under expressed contract provisions, were without authority to "revoke, alter, enlarge, relax, or release any requirements of the special provisions, specifications or contract, nor to issue instructions contrary to the plans and specifications . . ." Gillioz v. State Highway Comm., 348 Mo. 211, 217[2], 153 S. W. (2d) 18, 21[1]; Sager v. State Highway Comm., 349 Mo. 341, 346[2], 160 S. W. (2d) 757, 760.

There is naught to the argument that the Commission's cases involved "fixed price" contracts. Sager v. State Highway Comm., supra, for instance, was a "unit price" contract.

The judgment is reversed and the cause is remanded with directions to modify the declaratory judgment so far as is necessary to relieve the State Highway Commission of liability. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.